Luz **RUIZ AVALOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–88–207–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 26, 1989.

David Diaz, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant Luz Ruiz Avalos guilty of robbery. Two prior felony offenses were alleged in the indictment for enhancement purposes. The trial court assessed as punishment ninety-nine years' confinement in the Texas Department of Corrections. We affirm the trial court's judgment.

At about 12:20 a.m. on September 25, 1987, Terry Gene Schuetz heard a knock at his front door. He was in his living room watching television and his nine-year-old son was asleep. Schuetz answered the door and discovered appellant Luz Ruiz Avalos and another man, who he did not know, standing outside his door. Avalos questioned Schuetz about a white car parked in the driveway. He also asked Schuetz if he would buy him some beer. Schuetz refused to buy the beer, and Avalos propositioned him. Schuetz ordered him to leave. As he tried to close the door, Avalos forced his way inside and shoved Schuetz aside. Schuetz again ordered him to leave, but Avalos punched him in the nose and demanded money. Schuetz told him that he had no money and Avalos hit him two more times. Schuetz' son tried to get out. However, Avalos grabbed his arm, sat him on the bed, and warned him not to leave. He said that he had a knife and told Schuetz that if anyone tried to leave, he would kill Schuetz. Avalos repeated his demand for money and Schuetz gave him his checkbook. Avalos "flipped through" the checkbook and again demanded money. Schuetz told him he did not have any, and Avalos hit him again. Finally, a neighbor appeared at Schuetz' front door, and Avalos fled the scene. Schuetz suffered a broken nose during the attack.

By his first point of error, appellant Luz Ruiz Avalos argues that the trial court erred in overruling his motion to deny the State's request to amend the indictment. He complains that the trial court violated Tex.Code Crim.Proc.Ann. art. 28.10 because he was not afforded ten days to respond to the amended indictment.

Appellant Luz Ruiz Avalos was originally indicted as follows: "LUZ AVALOS, defendant, on or about September 25, 1987, in Nueces County, Texas, did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally, knowingly, and recklessly cause serious bodily injury to Terry Schuetz by striking him with his fists...." Trial began on April 26, 1988. On that date, the State announced ready and moved to delete the word "serious" from the indictment. The State informed the trial court that it intended to try the case as a robbery, rather than as an aggravated robbery. Appellant Luz Ruiz Avalos objected on the grounds that the State "pulled the defense out" from under him. Specifically, he argued that permitting the State to abandon its allegation of serious bodily injury from the indictment would deny him "fair notice of what the State is trying to prove." He also filed a motion to deny the State's request to amend the indictment. This mo-

tion alleges that the State failed to comply with Tex.Code Crim.Proc.Ann. art. 28.10, and that the State's request denied him his right to a fair trial. The trial court overruled the objections.

■ Tex.Code Crim.Proc.Ann. art. 28.-10(a) (Vernon Pamph.Supp.1989) provides:

After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

Appellant Luz Ruiz Avalos did not request that the trial court allow him any number of days to respond to the amended indictment. Article 28.10(a) clearly states that "[o]n the request of the defendant," the trial court shall allow up to ten days to respond. We hold that in order for appellant Luz Ruiz Avalos to complain on appeal that the trial court erred by failing to award him ten days to respond to the amended indictment, he must first request the trial court to provide him time to respond.

Tex.Code Crim.Proc.Ann. art. 28.10(c) (Vernon Pamph.Supp.1989) provides:

An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Prior to its amendment effective December 1, 1985, article 28.10 absolutely forbade amendments of substance to charging instruments. However, the law was well-established that article 28.10 did not prohibit the State from abandoning an allegation essential to the offense charged if the effect of the abandonment was to have the accused tried for a lesser included offense. *See Allison v. State*, 618 S.W.2d 763, 764 (Tex.Crim.App.1981); *Thomas v. State*, 451 S.W.2d 907, 909 (Tex.Crim.App.1970); *Watson v. State*, 149 Tex.Cr.R. 643, 197 S.W.2d 1018, 1019 (1946); *Hubert v. State*, 652 S.W.2d 585, 587 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd).

■ Tex.Code Crim.Proc.Ann. art. 37.-08 (Vernon 1981) provides that in a prosecution for an offense with lesser included offenses, the jury may find the accused not guilty of the greater offense, but guilty of any lesser included offense. Moreover, the greater offense, when properly alleged, necessarily includes all the lesser included offenses, whether each of their constituent elements are alleged in the indictment on the greater offense or not. *Allison*, 618 S.W.2d at 764. If the State does not prove an element of the offense alleged in the indictment, but proves all elements of a lesser included offense, the accused is not entitled to an acquittal but may be convicted of a lesser included offense. The abandonment of an allegation prior to trial in order to proceed with a lesser included offense is the State's decision not to offer certain proof, and article 28.10 does not apply. *Stockton v. State*, 756 S.W.2d 873, 875 (Tex.App.—Austin 1988, no pet.).

■ Robbery is a lesser included offense of aggravated robbery. *Ex parte Walton*, 626 S.W.2d 528, 530 (Tex.Crim.App.1981); *Heathcoat v. State*, 709 S.W.2d 303, 305 (Tex.App.—San Antonio 1986, no pet.). We hold that the State's abandonment of the serious bodily injury allegation was not an amendment of the indictment, but an announcement of State's decision to try appellant Luz Ruiz Avalos for the lesser included offense. *See Stockton*, 756 S.W.2d at 875. We find no violation of article 28.10(c) and overrule the first point of error.

■ By his final point of error, appellant Luz Ruiz Avalos contends that the trial court abused its discretion by sentencing him to ninety-nine years' confinement in the Texas Department of Corrections. In support of this claim, he argues that: (1) the two offenses used for enhancement did not involve violence; (2) the State abandoned its allegation of serious bodily injury in the instant case; (3) the instant case did not involve the use of a deadly weapon; (4)

the trial judge made him an "example" by speaking about the failures of the Texas prison system; and (5) the trial judge "saw" him as a person guilty of aggravated robbery by stating that the jury "believed that you went into that house and you beat this guy almost senseless...." Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1989) provides:

> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

In order for an accused to be sentenced according to section 12.42(d), it is not necessary that his two prior felony convictions involve violence, or that his primary offense include serious bodily injury or the use of a deadly weapon. Section 12.42(d) refers to the trial of "any felony offense" and previous final convictions for "two felony offenses." The statute does not require these felony offenses to include aggravating circumstances as a prerequisite to sentencing an accused according to the prescribed punishment scheme.

While the trial judge's comments concerning the failure of the Texas prison system, standing alone, may have constituted an improper reason for imposing a ninety-nine year sentence, appellant Luz Ruiz Avalos was sentenced as a habitual felony offender under section 12.42(d). This, we conclude, is a justifiable consideration underlying the trial judge's sentencing decision. Regarding the trial judge's statement that the jury believed appellant Luz Ruiz Avalos entered Schuetz' home and beat him "almost senseless," we conclude that this does not indicate the trial judge "saw" him as a person guilty of aggravated robbery. This comment is nothing more than an opinion expressed by the trial judge. The sentence of ninety-nine years is within the permissible range of punishment for a person sentenced under section 12.-42(d). The final point of error is overruled.

The judgment of the trial court is AFFIRMED.