**James W. HILLIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1433–89, 1434–89.**

Court of Criminal Appeals of Texas, En Banc.

May 1, 1991.

William F. Carter, Madisonville, for appellant.

Mark Patterson, Asst. Sp. Prosecutor, Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

A jury convicted appellant of aggravated assault on a correctional officer, alleged to have been committed on March 1, 1986, in two separate indictments pursuant to V.T. C.A. Penal Code, § 22.02(a)(2), and the trial court assessed punishment at eight years imprisonment for each conviction on February 1, 1987. The Tenth Court of Appeals affirmed each conviction in a single opinion, *Hillin v. State*, Nos. 10–87–108–CR and 10–87–109–CR (Tex.App.—Waco, delivered September 28, 1989). In the court of appeals, as well as in the trial court, the appellant assailed the State's amendment to both indictments as being in contravention of the dictates of Article 28.10, V.A.C. C.P. The court of appeals rejected all of appellant's contentions and affirmed appellant's convictions. We granted review to determine the correctness of their decision.

The material portion of each indictment alleged that the appellant committed the offense of aggravated assault on a correctional officer by knowingly and intentionally causing the bodily injury to the victim officer "... by throwing porcelain." During the first day of the trial on the merits, appellant directly attacked the allegation which described the substance utilized to commit the aggravated assault. In direct response to appellant's strategy on the second day of trial, the State sought to amend the indictments by alleging that the man-

ner and means used to accomplish the aggravated assault was "by throwing a commode." The trial court granted the State's motion to amend and amended the indictments by delineation. To the amendment appellant interposed a timely objection in accordance with the provisions of Article 28.10, supra. The full text of Article 28.10, supra, reads:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

In the court of appeals, appellant assailed the trial court in permitting the State to amend the indictment after the trial had commenced on the merits. First, he argued that under Article 28.10(b), such an amendment was absolutely prohibited once the trial on the merits had commenced and the defendant objected. Second, notwithstanding the absolute prohibition in Section (b), appellant was, at the very least, entitled to a ten day continuance to respond to the amended indictment as mandated by Section (a). Finally, appellant asserted that under Section (c), the trial court amendment had the effect of prejudicing his substantial rights.

In answer to all of appellant's claims, the court of appeals opined:

In the cases before us the amendments of the indictment after trial had commenced did not prejudice appellant's substantial rights. He still faced trial for the same offenses against the same victims. The record does not show any substantial harm to appellant by the amendments. However, failing to grant appellant ten days to respond violated the mandatory language of article 28.-10(a). Because the trial court erred in failing to grant appellant ten days to respond we must look to the standard for harmful error, Rule 81(b)(2), Tex.Rules App.Proc., supra, to determine whether or not the error contributed to the conviction or punishment.

Evidence at the hearing on appellant's motion for new trial showed that his defense was that the toilet pieces he was accused of throwing were not "porcelain". Experts hired by appellant had examined the toilets at the prison unit and concluded that the toilet appellant was accused of throwing was not porcelain. They were prepared to testify at the trial. Because the only defense considered by appellant prior to trial was that the toilet was not porcelain, a good defense at that time, further investigation was required to seek new defenses following the changes in the indictments. Appellant's counsel, who was also his trial counsel, argued at the hearing on the motion for new trial, as he does here, that without the ten days to seek new defenses appellant received ineffective counsel at trial that contributed to his conviction. However, there was no evidence adduced at the trial or at the posttrial hearing that any other defense would have been developed if appellant's request for the ten days provided in article 28.10(a) had been granted. Thus, we conclude from the record beyond a reasonable doubt that the denial of the ten days did not contribute to appellant's conviction or punishment. This harm analysis and the conclusion of no harm apply equally to appellant's asserted violation of article 28.10(b)....

The entire analysis performed by the court of appeals in respect to Article 28.10 and its three sections should be and is hereby rejected. Section (a) of Article 28.-10, supra, specifically deals with the

amendment of the indictment "at any time before the date the trial on the merits commences." It would therefore appear that by the clear and precise language of this provision that it is in lock-step with Article 1.14(b), V.A.C.C.P., which requires that the defendant object to any defect or irregularity in the indictment before the date on which the trial on the merits commences. Put simply, the State amended the indictment in this case on the second day of the trial and during its case in chief, what transpired was not before the trial commenced; therefore Section (a) is totally inapplicable.

The applicable provision of Article 28.10, supra, under these circumstances is Section (b). This provision allows the State to amend the indictment after the trial on the merits has commenced unless the defendant has interposed a timely objection to the attempted amendment. The language and wording of Article 28.10(b), supra, is clear and unambiguous and if the defendant, after trial on the merits has commenced, interposes a timely objection to the State's proposed amendment, be it to form or substance, such amendment is absolutely prohibited. It appears the court of appeals was of the opinion that in regard to Section (b) after a trial amendment, a "substantial rights" analysis was to be performed pursuant to Section (c) which prohibits the State from amending the indictment if such amendment transformed the allegations to additional or different offenses or prejudiced the substantial rights of the defendant. We do not find such reasoning persuasive.

Article 28.10(c) prohibits the State from amending the indictment over a defense objection if such amendment results in an additional or different offense or if it adversely prejudices the substantial rights of the defendant. Section (c) makes no mention as to whether it applies to Sections (a) and (b) or only to one of the preceding sections. We conclude that an analysis pursuant to Section (c) could only be logically applied to an indictment amendment which falls under the purview of Section (a). Close scrutiny to the wording reflects that provisions of Section (c) are similar to preexisting law which was in effect prior to the 1985 amendments of Article V, § 12 of the Texas Constitution and the implementing legislation which amended Article 28.-10, supra, which set out the procedure for amending indictments.[1] For instance, this Court has long held that the State could not amend the indictment to such an extent that an amended indictment charges the commission of a different offense under the penal statutes as was charged in the original indictment. See *Bowie v. State*, 401 S.W.2d 829 (Tex.Cr.App.1966). Additionally, this Court, in construing Article 21.19, V.A.C.C.P.,[2] has held that notice defects in indictments are matters of form and if an indictment contains allegations regarding all essential elements of the offense and the defendant seeks additional factual allegations, then the defect raised is one of form. See *Janecka v. State*, 739 S.W.2d 813, 819 (Tex.Cr.App.1987). In order to prejudice the substantial rights of the defendant such defect must be to such a degree that the accusation fails to give adequate notice to the defendant so as to allow him to prepare a defense.[3] As stated

---

1. *Article V, § 12(b) of the Texas Constitution as amended in 1985 reads:*

   An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*

2. *Article 21.19, supra, reads:*

   An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

3. In *Adams,* supra, this Court elected to overrule the dictates of *Jeffers v. State,* 646 S.W.2d 185 (Tex.Cr.App.1981) (Opinion on State's Motion for Rehearing), which had emphasized that a defendant is constitutionally entitled to obtain *notice of the offense from the face of the indictment.* By denouncing this approach we reinstated the rule announced in *Craven v. State,*

in *Adams v. State*, 707 S.W.2d 900 (Tex.Cr. App.1986), the object of the requirement of notice from the accusation is to secure the defendant's right to know the nature of the charges against him. The point being that the addition of Section (c) made no substantial change to existing indictment law unless the section would apply to Section (b) which permits trial amendments.

At first blush one might suspect that the provisions of Section (c) are applicable to both Sections (a) and (b) because of the structure of Article 28.10. However, as previously stated, a defendant under the clear language of Section (b) has an absolute veto power over proposed amendments after trial on the merits has commenced. Therefore, we conclude that the court of appeals was erroneous in its determination under the facts of this case that the harmless error rule applied to Section (a) and that Section (c) was applicable to Section (b).

Accordingly, the judgments of the court of appeals are reversed and the causes remanded to the trial court.

CAMPBELL and BAIRD, JJ., concur in result.

CLINTON, Judge, concurring.

Article 28.10, V.A.C.C.P., is part and parcel of Acts 1985, 69th Leg., Ch. 577, p. 2196 effective December 1, 1985. That legislation amended Articles 1.14, 28.09 and 28.10, V.A.C.C.P. to implement the constitutional amendment proposed by S.J.R. 16 and approved November 5, 1985.

Article 1.14(b) requires defendant to object to a faulty charging instrument "before the date on which the trial on the merits commences"—or forfeit the right to object.

Article 28.09, V.A.C.C.P., contemplates the situation where a trial court sustains an exception by defendant to a charging instrument; the State may amend its allegations "if permitted by Article 28.10[.]"

Article 28.10(a) provides that "[a]fter notice to the defendant" the State may amend a charging instrument *"at any time* before the date the trial on the merits commences." [1] It further provides that upon request "the court *shall* allow the defendant not less than 10 days to *respond* to the amended [charging instrument]."

Viewed separately, Articles 28.09 and 28.10(a) seem to create different scenarios. One, on initiative of defendant the State is called on to "respond" to an order sustaining an exception to the charging instrument.[2] Another, on its own initiative the State amends a charging instrument, and the defendant is given an opportunity to "respond."

Taken together, however, arguably the separate provisions are related in that Article 28.09 says the charging instrument may be amended "if permitted by Article 28.10." Indeed, as to the first scenario, Judge Miller argues that should the State "respond" by amending the charging instrument it must still give notice to defendant and then he, in turn, is entitled to claim ten days in which to "respond" to the amended charging instrument. See Miller, J., concurring opinion, at 491, n 3. That formulation is not persuasive.

Article 28.11 continues to require all amendments to be made "with the leave of the court and under its direction." Whether the trial court sustains an exception to a

---

613 S.W.2d 488 (Tex.Cr.App.1981): if the alleged defect is a matter of form (as opposed to substance), then appellate review is directed by Article 21.19, supra, which requires that substantial rights of a defendant be prejudiced before a reversal is warranted. In order to make such a determination it is necessary for the appellate court to review and examine the statement of facts.

1. All emphasis here and throughout this opinion is mine unless otherwise indicated.

2. With the advent of *State v. Moreno*, 807 S.W.2d 327 (Tex.Cr.App.1991), however, the State's "response" may well be a notice of appeal pursuant to Article 44.01(a)(1). Whether the Legislature contemplated that alternative and consequential delay when it implemented the constitutional amendment granting the State the right to appeal, see S.J.R. No. 34, 70th Leg., Regular Session, 1987, is an open (but probably moot) question. In any event, the issue is not presented in this cause.

matter of form or substance, any amendment proffered by the State should be framed to correct the defect, error or irregularity excepted to by defendant. An amendment may not be made over his objection if it charges "an additional or different offense or if [his] substantial rights ... are prejudiced." Article 28.10(c). See majority opinion, at 488.[3] Surely the Legislature expected, as we do, that a trial court would deny leave to make a prohibited amendment under its direction.

Given all those limitations and restrictions, it is difficult to accept that, having authorized a defendant to object to matters of form and substance as late as the day before trial, the Legislature would build in an automatic mandatory ten day period for defendant to respond to curative amendment directly related to his objection. Compare *Sodipo v. State* (Tex.Cr.App. No. 1390–88, delivered September 12, 1990). Moreover, in Article 28.09 the Legislature provided that if a pretrial amendment is properly made "the cause may proceed upon the amended [charging instrument]." [4]

With those observations and cautions, I join the opinion of the Court.

MILLER, Judge, concurring.

As the primary researcher and author for the Court in *Studer v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990), I have had some expertise in dealing not only with the interpretation of Art. 28.10 of the Code of Criminal Procedure, but also with the overall concept that the legislature was trying to introduce into criminal jurisprudence in Texas. Thus I would address a few remarks concerning Art. 28.10's meaning and role.

As aptly set out in the majority opinion, Art. 28.10's three provisions (a), (b) and (c) need to be read according to the plain meaning of their language. Subsection (a) contemplates that the State may amend an indictment before the date on which the trial commences as long as the defendant is notified prior to (even moments prior to) the amendment. The defendant has no right to object to the making of such an amendment except on the grounds mentioned in subsection (c).[1] If the defendant does object to an amendment under subsection (a) the trial judge may freely overrule him and does not commit error unless the amendment charges the defendant with an additional or different offense or prejudices his substantial rights (as prohibited by subsection (c)). Thus, before the day of trial the trial judge may freely overrule defense objections to amendments proffered by the State as long as (1) the defendant was notified and (2) the amendments don't vio-

**3.** The majority limits its considerations to Article 28.10 because the court of appeals did the same. At 487. Thus its conclusion that "an analysis pursuant to Section (c) could only be logically applied to an indictment amendment which falls under the purview of Section (a)," *id.,* at 488, does not purport to rule out application of § (c) to a responsive curative amendment under Article 28.09. Clearly, such an amendment may not charge an additional or different offense or prejudice substantial rights since that kind is not "permitted" by Article 28.10(c). *Accord:* Miller, J., concurring opinion, at 491, n 3.

**4.** Accordingly, I do not agree with Judge Miller that when an exception is sustained the State may "as a matter of right" amend the charging instrument. See his concurring opinion, n. 3. It must first obtain leave of court pursuant to Article 28.11, and a motion for leave ought not even be considered without reasonable notice to defendant and a hearing thereon. For reasons already stated, however, this need not be an

Article 28.10(a) proceeding in which defendant is entitled to ten days to respond. The purpose of the hearing is to provide defendant an opportunity to object to proffered amendment(s) on any and all grounds deemed germane, including proscriptions in Article 28.10(c); to insist that any amendment allowed be made under direction of the court in accordance with Article 28.11; and to take all other actions to protect the due process rights of defendant in the premises before the cause proceeds to trial upon an improperly amended charging instrument. To deal with proposed amendments in that fashion before the day of trial should not only satisfy those legislative concerns Judge Miller perceives but serve to obviate a "reset" as well.

**1.** Once amended, presumably the normal objections to the now amended indictment or information, such as noncompliance with Art. 21.02 or 21.21, may later be made as part of the response in Art. 28.10(a), "not less than 10 days ... to *respond* to the amended indictment or information."

late subsection (c). If the defendant does object to a pretrial amendment on the grounds that (1) he didn't receive notice or (2) the amendment violated section (c) of Art. 28.10, then the trial judge commits error if the defense objections were in fact valid. Such objections must be lodged, according to Art. 1.14 of the Code, prior to the day on which trial on the merits commences (assuming no pre-trial hearing).

As to subsection (b) of Art. 28.10, covering amendments after trial commences, the subsection plainly states that no amendment of any kind can be made after the trial commences if the defendant objects. Since no amendment is allowed, no continuance after an amendment is contemplated. The plain meaning of the words contained therein dictates this result.

What if the trial court commits error in his rulings under Art. 28.10? Subsection (a) of that article mandates the giving, on request, of a ten day continuance to the defendant if an amendment is granted under that subsection, regardless of whether the defendant objects or does not object to the amendment. We have ruled that failure to give this continuance is reversible error per se since it is not readily subject to a harm analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Sodipo v. State* (Tex.Cr.App. No. 1390–88, delivered September 12, 1990) (Motion for Rehearing granted on other grounds).

But the doctrine of *Sodipo* would not seem to apply to other (than continuance) violations of subsection (a) or (b) of Article 28.10.[2] This is so because we have precedent for making a harmless error analysis for defects in indictments and informations. See *Adams v. State*, 707 S.W.2d 900 (Tex. Cr.App.1986). Thus these defects have been readily subject to a harm analysis, at least under the rules in effect prior to the promulgation of the current Texas Rules of Appellate Procedure. *Adams, supra.* Of course in *Adams* the defendant had the burden of showing how he was harmed by the amendment, and under the current rule 81(b)(2) T.R.A.P. the State has the burden of showing that the defendant was not harmed beyond a reasonable doubt, but it would still seem that defects, errors or irregularities in an indictment or an information are subject to a harm analysis.

Of course the practical effect of applying Rule 81(b)(2) to a trial judge's error in this area (except concerning the ten day continuance—see *Sodipo, supra*) is that the case may be reversed and remanded for a new trial at which time the time limits of Art. 1.14 and 28.10 begin anew and the State may, at least from a plain reading of the statutes, now be timely in their amendments where in the previous trial they were untimely. Perhaps that is all the legislature was trying to accomplish. Future interpretations of these articles will doubtless wrestle with this problem.[3]

2. Note however the dissenting opinion and jeopardy discussion in a situation of error under (b).

3. Previously unmentioned in this grand scheme of things is Article 28.09 of the Code of Criminal Procedure. That article provides that if a defense exception (read "objection" as contemplated in Article 1.14 V.A.C.C.P.) to an indictment or an information is sustained, the State may amend same as permitted by Article 28.10. Of course the Art. 28.09 objection to an indictment or information must, under Art. 1.14, be made prior to the day of trial. Assuming this is done and the objection is sustained then the State may, as a matter of right, amend the indictment or information under Art. 28.10, subsection (a), as long as it does not run afoul of subsection (c). That is, if a defense objection is sustained under Art. 28.09 within the time limits contemplated by Art. 1.14 and the State voluntarily seeks to amend the indictment or infor-

mation, it must under Art. 28.10 give notice to the defendant and the trial judge, if the defendant requests, must grant a ten day continuance. Of course, if the defendant objects to the amendment, then the trial judge may properly overrule that objection provided the defendant was given notice and further provided that the amendment does not run afoul of subsection (c).

It is clear that the legislature wanted to and did do away with objections to indictments and informations tendered *on the day of trial.* From the legislative history analyzed in our research in *Studer, supra,* this was their definite intent. But there is no mention in that legislative history about prohibiting objections to an indictment or information the day before trial or in delaying the trial as long as that delay was discovered prior to the day of trial. The displeasure with resetting a case on the day of trial, after all of the witnesses and the parties

With these remarks, and since the State doesn't in this case contend the harmless error rule applies to (b), and since the trial judge erred under (b), I join in the majority opinion.

WHITE, J., joins this opinion.

McCORMICK, Presiding Judge, dissenting.

The indictment upon which appellant was allegedly convicted is not the one to which he entered his plea. Jeopardy attached upon entering the plea. The record clearly shows the State's proof did not conform to the indictment upon which appellant entered his plea. I would reverse and order an acquittal.

MALONEY and BENAVIDES, JJ., join this dissent.

had come to court and after other cases had presumably been reset, was a motivating factor in this legislation. The cancellation or resetting of a trial prior to the day of trial was not. Thus I am convinced that the legislature intended that if a motion to quash was granted under Art. 28.09 then the defense, on request, was entitled to a ten day continuance which· of necessity would cause the trial to be reset. The difference is that under this new legislation that reset would be known to all parties prior to the day of trial, and that was what was important in the committee hearings and bill analysis we examined in *Studer*, supra.