Ethon Dwight BOUTTE, Appellant,

v.

STATE of Texas, Appellee.

No. 01–90–00940–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 6, 1992.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson and Kim Ogg, Asst. Dist. Attys., for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of the felony offense of aggravated robbery. Appellant pled true to the amended enhancement paragraph, and the jury assessed his punishment at 30–years confinement.

■ In a single point of error, appellant asserts that his conviction should be reversed because the trial court erred in permitting the State, over his objection, to amend the indictment after trial began. We agree, and reverse and remand for a new trial on punishment only.

In the original indictment, the enhancement paragraph alleged that appellant had been previously convicted of aggravated robbery. At the commencement of the punishment phase of trial, appellant pled not true to the enhancement paragraph. Then, over appellant's timely objection, the trial court granted the State's motion to amend the enhancement paragraph by deleting the word "aggravated" from "aggravated robbery." When the trial court overruled his objection and allowed the State's amendment, appellant changed his plea and pled true to the amended enhancement paragraph.

■ Article 28.10 of the Texas Code of Criminal Procedure[1] governs the amendment of indictments. Section (b) of article 28.10 allows amendment of the indictment "after the trial on the merits commences *if* the defendant does not object." (Emphasis added.) The Texas Court of Criminal Appeals has recently held in *Hillin v. State*, 808 S.W.2d 486 (Tex.Crim.App.1991), that "[t]he language and wording of Article 28.-10(b) is clear and unambiguous, and if the defendant, after trial on the merits has commenced, interposes a timely objection to the State's proposed amendment, be it to form or substance, such amendment is absolutely prohibited." *Id.* at 488. Stated conversely, "a defendant under the clear language of Section (b) has an absolute veto power over proposed amendment after trial on the merits has commenced." *Id.* at 489. Further, the "substantial rights" analysis allowed under article 28.10(c) does not apply to amendments to an indictment made *after* the trial commences. *Id.* at 488.

The State could not have relied on the distinction that the prohibited amendment in *Hillin* changed the allegation of manner and means of commission of the offense in a primary count, while the amendment in our case merely changed the name of the offense in an enhancement paragraph. In *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex. Crim.App.1990), the Court of Criminal Appeals found reversible error when the trial court granted the State's motion, over timely objection, to amend the indictment on trial day prior to commencing trial by changing the cause numbers in the enhancement paragraph. The court also held in *Sodipo* that the provisions of article 28.10 are not subject to harmless error analysis under TEX.R.APP.P. 81(b)(2). *Id.* at 554–5.

---

**1.** The full text of art. 28.10 is as follows:
(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989).

The State argues that deleting the word "aggravated" from the enhancement paragraph was not an amendment to the indictment but the abandonment of an aggravating element of the charged offense, and "an announcement of the State's decision to try appellant for the lesser included offense." As authority, the State relies on two court of appeal decisions decided before—and contrary to—*Hillin* and *Sodipo: Avalos v. State,* 764 S.W.2d 910, 912 (Tex. App.—Corpus Christi 1989, no pet.), and *Stockton v. State,* 756 S.W.2d 873, 876 (Tex.App.—Austin 1988, no pet.).

The trial court failed to comply with the provisions of article 28.10(b) when it permitted the State, over appellant's timely objection, to amend the indictment after the trial commenced. *Hillin,* 808 S.W.2d at 488. Appellant's sole point of error is sustained.

Because this error pertains only to the punishment phase of trial, we reverse and remand the case to the trial court for a new trial on punishment only.