Opinion issued April 19, 2012

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00693-CR

———————————

Merlin James, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 248th District Court

Harris County, Texas



Trial Court Case No. 1239442

 



 CONCURRING OPINION

I
respectfully concur.  I agree with the
majority’s conclusion that the evidence was sufficient to support appellant
Merlin James’s conviction for aggravated robbery.  I also agree that the trial court did not err
in refusing to instruct the jury on the lesser-included offense of theft.  However, I disagree with the majority’s
construction of the law governing corrections to an enhancement paragraph that
is not part of the charged offense in an indictment.  Specifically, I disagree that immaterial corrections
in such an enhancement paragraph at the sentencing phase of a trial, over the
defendant’s objection, are error within the scope of article 28.10(b) of the
Code of Criminal Procedure.  I would also
overrule this Court’s prior ruling in Boutte v. State,
824 S.W.2d 322, 323 (Tex. App.—Houston [1st Dist.] 1992, pet ref’d), which the majority relies upon, as erroneously
confusing the ministerial correction of an enhancement paragraph at the
sentencing phase of a trial with an amendment of the charged offense in the indictment
during trial that is subject to article 28.10(b).

Amended Enhancement Allegation in Indictment

In his third issue, James contends
that the trial court erred in allowing the State to amend an enhancement
allegation contained in the indictment at the beginning of the sentencing phase
of his trial, over his objection, in violation of Code of Criminal Procedure article
28.10.  He contends that the erroneous amendment
entitles him to a new trial on punishment.

The original enhancement paragraph
in the indictment alleged that James had a previous conviction for the felony offense
of “INJURY OF THE ELDERLY” in the “377TH DISTRICT COURT of HARRIS County.”  James had actually been previously convicted
of the offense of injury to a child in the 377th District Court of Victoria County.  Twenty-seven days before the trial started,
the State filed and served on defense counsel a “Notice of Intention to Use
Prior Convictions and Extraneous Offenses,” which described the correct prior
conviction of “INJURY TO CHILD, ELDERLY, DISABLED [INDIVIDUAL]” in “VICTORIA /
377.”  I agree with the majority that the
variance between “elderly” and “child” is not statutorily relevant because
injury to either constitutes the same offense under the Penal Code.  See Tex. Penal Code Ann. § 22.04(a) (Vernon 2011).  I disagree with the remainder of the
majority’s reasoning.

After trial on the merits, but
before the punishment phase began, James moved to quash the enhancement
allegation.  The State orally moved for
leave to amend the enhancement paragraph to correct the offense title and
county information for the prior conviction. 
Over James’s objection, the court granted the State’s motion and made a
handwritten, interlineal correction on the face of the indictment.  James then pleaded true to the amended
enhancement paragraph.  On appeal, James
contends that the trial court’s correction of the enhancement paragraph constituted
an impermissible trial amendment under Code of Criminal Procedure article
28.10(b) that was not subject to a harm analysis under controlling law.

 

Analysis

Amendments to an indictment are
governed by Code of Criminal Procedure article 28.10, which provides:

(a)      After notice to the defendant, a matter of form or substance in
an indictment or information may be amended at any time before the date the
trial on the merits commences.  On the
request of the defendant, the court shall allow the defendant not less than 10
days, or a shorter period if requested by the defendant, to respond to the
amended indictment or information.

(b)     A matter of form or
substance in an indictment or information may also be amended after the trial
on the merits commences if the defendant does not object.

(c)      An indictment or information may not be amended over the
defendant’s objection as to form or substance if the amended indictment or
information charges the defendant with an additional or different offense or if
the substantial rights of the defendant are prejudiced.

Tex. Code
Crim. Proc. Ann. art. 28.10 (Vernon 2006) (emphasis added).

          The majority relies upon Hillin v. State in determining that the trial
court’s interlineated correction of the title of James’s prior offense and the
county of his prior conviction in the enhancement paragraph was a trial
amendment subject to article 28.10(b).  808 S.W.2d 486 (Tex. Crim. App. 1991) (plurality op.).  In Hillin, the trial court granted the State’s motion to amend
the indictment during trial on the merits over Hillin’s
objection, changing the charge from aggravated assault on a correctional
officer “by throwing porcelain” to aggravated assault “by throwing a commode.”  Id. at 486–87.  The court
of appeals affirmed, holding that Hillin’s
substantial rights had not been affected by the trial amendment.  Id. at 487.  The Court
of Criminal Appeals reversed Hillin’s conviction and
remanded the case to the trial court.  Id. at 489.

          The
Court of Criminal Appeals interpreted subsection (b) of article 28.10 as
providing a defendant who objects to a trial amendment to an indictment an
absolute veto over the amendment.  Id. 
The court also expressly rejected the application of the substantial
rights test set out in subsection (c) to a subsection (b) violation.  Id. at 488.  It
stated:

The language and wording of Article 28.10(b) . . . is clear and unambiguous and if
the defendant, after trial on the merits has commenced, interposes a timely
objection to the State’s proposed amendment, be it to form or substance, such
amendment is absolutely prohibited.  It
appears the court of appeals was of the opinion that in regard to [s]ection (b) after a trial amendment, a “substantial
rights” analysis was to be performed pursuant to [s]ection (c)
which prohibits the State from amending the indictment if such amendment
transformed the allegations to additional or different offenses or prejudiced
the substantial rights of the defendant.  We do not find such reasoning persuasive.

Article 28.10(c) prohibits
the State from amending the indictment over a defense objection if such
amendment results in an additional or different offense or if it adversely
prejudices the substantial rights of the defendant.  Section (c) makes no mention as to
whether it applies to [s]ections (a) and (b) or
only to one of the preceding sections.  We
conclude that an analysis pursuant to [s]ection (c)
could only be logically applied to an indictment amendment which falls under
the purview of Section (a). . . .

At first blush one might
suspect that the provisions of [s]ection (c) are
applicable to both [s]ections (a) and (b)
because of the structure of Article 28.10.  However, as previously stated, a defendant
under the clear language of [s]ection (b) has an
absolute veto power over proposed amendments after trial on the merits has
commenced.

Id. at 488–89
(citations omitted).

          In Boutte v. State, this Court extended the Court
of Criminal Appeals’ plurality holding in Hillin to prohibit an amendment to an enhancement paragraph in the
indictment made at the beginning of the punishment phase of a trial over the
defendant’s objection.  See 824 S.W.2d 322, 323–24 (Tex.
App.—Houston [1st Dist.] 1992, pet ref’d) (holding
that amendment to enhancement paragraph that deleted word “aggravated” from
“aggravated robbery” in prior conviction was subject to defendant’s absolute
veto under article 28.10(b) and reversing and remanding for new trial on
punishment).  The majority concludes,
pursuant to Boutte,
that the corrections to the enhancement paragraph in this case were an improper
trial amendment that violated article 28.10(b), but it holds that James’s
substantial rights were not affected by the erroneous amendment, and, thus, it
affirms the judgment of the trial court.[1]

          I
disagree with the majority’s decision to follow Boutte in holding that the correction of immaterial variances in prior
convictions alleged in enhancement paragraphs that are not part of the charged
offense in the indictment are amendments to the indictment subject to the
defendant’s absolute veto under article 28.10(b), rather than mere surplusage that may be corrected at trial without violating
article 28.10(b).  I would overrule Boutte, and I
would follow our sister courts of appeals in distinguishing between ministerial
corrections to enhancement paragraphs that are not part of the State’s
case-in-chief and amendments to the charged offense in the indictment.  See
Thomas v. State, 286 S.W.3d 109, 114
(Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that enhancement
allegation that is not part of State’s case-in-chief is not part of substance
of indictment; therefore, article 28.10, which grants defendant right to object
to amendment to indictment after trial has started, does not apply to amendment
of enhancement allegations at trial); Stautzenberger v.
State, 232 S.W.3d 323, 327–28 (Tex. App.—Houston [14th Dist.] 2007, no
pet.) (holding that article 28.10 applies to amendments to indictment that
charge defendant “with an additional or different offense”; therefore, it does
not apply to enhancement paragraphs that are not part of State’s case-in-chief
and need not be pleaded on face of changing instrument, which are “mere surplusage”); Johnson
v. State, 214 S.W.3d 157, 158–59 (Tex. App.—Amarillo 2007, no pet.) (observing
that enhancements need not be pleaded in indictment and holding that granting
State’s motion to amend date of prior conviction in enhancement paragraph did
not violate article 28.10 where prior conviction was not required to be pleaded
in indictment, and, therefore, amounted to “mere surplusage”
that was not essential to validity of indictment).  The majority acknowledges these cases but determines
that “[w]e cannot follow the[] lead [of these courts] because
this court already has binding, on-point precedent in Boutte.”  Slip Op. at 16.

          The
trial amendment cases decided by the Court of Criminal Appeals after Hillin are
instructive.  After deciding Hillin by a
plurality vote, the Court of Criminal Appeals later approved Hillin’s holding en
banc, stating, “[T]he clear import of our holding in Hillin was that the requisites of
Article 28.10(b), which inferentially prohibit trial amendments over objection,
are absolute.”  Brown v. State, 828 S.W.2d 762, 763 (Tex.
Crim. App. 1991).  In Brown, an arson case, the indictment
named “Yolander Evette
Weeks” as the owner of the habitation at issue. 
Id.  Proof at trial demonstrated that the
complainant’s first name was actually “Yolanda,” and the State moved to strike
“Yolander” from the indictment as mere surplusage.  Id. 
The trial court did so, over Brown’s objection, and the jury charge
named “Evette Weeks” as the owner of the habitation.  Id.  The Court of Criminal Appeals held that this
change was an impermissible trial amendment under article 28.10(b) that was
subject to defendant’s absolute veto and was not subject to harm analysis on
appeal.  Id. at 763–64.

Subsequently, in Wynn v. State, however, the Court of
Criminal Appeals addressed the converse situation from that in Brown.  864 S.W.2d 539, 540–41 (Tex.
Crim. App. 1993).  Having held, in
Brown, that the correction of the complainant’s
name was an amendment to the indictment that implicated article 28.10, the
court held in Wynn that the
correction of the defendant’s name in
the indictment to reflect his true name “does not constitute an amendment to
the indictment as perceived by article 28.10.” 
Id. at 540 (quoting Kelley v. State, 823 S.W.2d 300, 302
(Tex. Crim. App. 1992)).  Rather, it was
“a ministerial act under [article]
26.08.”  Id. at 541 (emphasis added). 
The court thus drew a distinction between the ministerial act of making
a correction at trial under article 26.08 of the Code of Criminal Procedure,
which permits the defendant to substitute his true name for that under which he
was indicted, and amending the charged offense in the indictment at trial under
article 28.10(b).  Id.; see Tex. Code Crim. Proc. Ann. art. 26.08
(Vernon 2009); id. art. 28.10.

In Wright v. State, the Court of Criminal
Appeals again addressed the scope of article 28.10.  In that case, the indictment alleged that Wright
had murdered the complainant “on or about the 23rd day of March A.D. 1997 . . . .”  28 S.W.3d 526, 531 (Tex.
Crim. App. 2000).  On May 16,
1997, the State filed a motion to amend the indictment, requesting that “21” be
substituted for “23” as the date of the offense, and the trial court subsequently
physically altered the indictment.  Id. 
Wright apparently did not realize that the date had been changed in the
indictment until the last week of voir dire in early
November 1997.  Id.  Thirteen days after the
conclusion of voir dire, he filed a motion to quash,
claiming he had not received proper notice of the amendment.  Id.  The State disputed that claim, but conceded,
after a hearing on Wright’s motion, that it had improperly given notice of the
change after the alteration was made, and it urged the court to continue on the
original indictment.  Id. 
Wright argued that the indictment would have to be amended again to
reinstate the original date of the offense and that he was entitled to a ten-day
continuance under article 28.10.  Id. 
The trial court denied the motion to quash but proclaimed that the
attempted amendment was not effective, and it presented the indictment to the jury
with the original language.  Id.

The Court of Criminal
Appeals concluded that it did not need to determine whether the amendment to
the indictment was effective or whether the trial court had erred in denying Wright
ten days to prepare for trial.  Id. 
Rather than applying article 28.10, the court held that Wright was “not
harmed by these events.”  Id. at 531–32.  It observed that “the ‘on or about’ language
of an indictment allows the State to prove a date other than the one alleged as
long as the date proven is anterior to the presentment of the indictment and
within the statutory limitation period.” 
Id. at 532.  Thus, “the indictment provided adequate
notice of proof for either date.”  Id.  The court also noted that the State had filed
its motion to amend the date in the indictment more than five months before
trial began.  Id. at 532 n.6.  It overruled Wright’s issues.  Id. at 532.

Wright
is very similar to the instant case in that the “on or about” language in the
date in the original indictment allowed the State to prove a date other than
the one specifically alleged, which the amendment to a specific date two days
earlier did not materially change, whereas here the substitution of the correct
full name of the statute under which James was previously convicted for the
incorrectly truncated name of the statute did not change the section of the
Penal Code under which he had been convicted. 
Rather, the correction is properly viewed in both cases as a merely
ministerial act.  In this regard, this
case is also very similar to Wynn,
which merely changed the defendant’s name from an incorrect name to a correct
one, as permitted by article 26.08.  Moreover,
here, as in Wright, James was given
notice well before trial of the State’s intention to submit the enhancement
paragraph in the indictment in its correct form.  Thus, he was not harmed.

If my construction of Wright and Wynn is correct, no case law other than Boutte supports the majority’s
conclusion that a correction of an enhancement paragraph that is not part of
the charged offense in an indictment is a trial amendment subject to the
defendant’s absolute veto under article 28.10(b), rather than a ministerial
correction of mere surplusage in the indictment that
may be made at trial without harm to the defendant.

I also note that, in
contrast to the majority in this case, a previous panel of this Court refused
to apply article 28.10 when an immaterial change was made to the enhancement
paragraph in an indictment.   Simmons
v. State, 288 S.W.3d 72, 79 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).  The majority
finds Simmons distinguishable
because, in that case, the record did not affirmatively show that the trial
court’s hand-written correction to the date of a prior conviction in an
enhancement paragraph in the indictment—from February 19, 1979 to February 8,
1979—was made after the trial had started.  Slip Op. at 15.  However, that was not the only relevant
ruling in Simmons.  In addition, the Simmons court observed that “variances between an indictment and
the proof of cause numbers, courts, and dates of conviction in enhancement
paragraphs have been held not to be material.”  Simmons,
288 S.W.3d at 80 (citing Freda v. State,
704 S.W.2d 41, 42–43 (Tex. Crim. App. 1986)). 
We also observed that, as here, the State had informed the defendant
well before trial of its intent to use the correct prior conviction in its
“Notice of Intention to Use Evidence of Prior Convictions and Extraneous
Offenses.”  Id.  We concluded that, “even
if the trial court had erred with respect to amending the indictment, . . . no surprise, prejudice, or harm
resulted.”  Id.  Thus, the variance was
immaterial and not fatal.  Id.  We therefore affirmed the judgment of the
trial court.[2]  Id.
 I agree with the State that Simmons is on point in vital respects.

There are numerous
indications in the record of this case that the corrections to the enhancement
paragraph made here were not prohibited trial amendments to the form or
substance of the indictment within the scope of article 28.10(b).  Here, the correction in the title of the
offense from “Injury of the Elderly” to “Injury to Child, Elderly, Disabled
Individual”—the correct full title of
the statute under which James was previously convicted—was an immaterial variance, as even the
majority agrees, in that injury to either an elderly person or a child constitutes
the same offense under Penal Code section 22.04(a).  See
Freda, 704 S.W.2d at 43 (holding that, in absence of surprise or prejudice,
variance between indictment and proof at trial was immaterial and not fatal
when indictment correctly alleged date of prior offense, cause number of prior
offense, court returning conviction for prior offense, location of convicting
court, and fact that offense was felony); see
also Wynn, 864 S.W.2d at 541 (holding correction of indictment at trial to
reflect true name of defendant did not constitute amendment within purview of
article 28.10 but was ministerial act under article 26.08); Simmons, 288 S.W.3d at 79–80 (holding undated
amendment of enhancement paragraph changing date of prior offense by eleven
days did not fall within scope of article 28.10 and observing that variance was
immaterial and appellant had notice of amendment).

Here, as in Wright and Simmons, the State filed with the trial court and served on James’s
counsel, twenty-seven days before trial, a “Notice of Intention to Use Prior
Convictions and Extraneous Offenses” that reflected the correct charge and
county information regarding James’s prior conviction, including the correct
full title of the prior conviction.  See Wright,
28 S.W.3d at 531; Simmons, 288 S.W.3d at 78–79.  Therefore, I would conclude that James, like
the defendants in Wright and Simmons, had sufficient notice of the
prior conviction that the State intended to use against him as a punishment
enhancement and that James was not harmed by the corrections.  See
Wright, 28 S.W.3d at 531–32 (holding
that attempted amendment to substitute “21” for “23” as the date of the offense, in place
of “on or about the 23rd day of March A.D. 1997 . . . .”
in original indictment was not harmful error when amendment provided adequate
notice of proof of either date and defendant had notice of substitution prior
to trial although actual amendment was sought and denied at trial); Simmons, 288 S.W.3d at 80. 

I would overrule Boutte, and I
would hold, in light of Wright, Wynn, and
Simmons and the holdings of those of our
sister courts that have considered corrections made to an enhancement paragraph
that is not part of the charged offense in an indictment, that the corrections
to the enhancement paragraph in this case to reflect the correct name of the
statute under which James was previously convicted and the correct county of
the previous conviction were ministerial acts that corrected
mere surplusage in the indictment, and, therefore,
the corrections do not fall within the scope of article 28.10 and, in the
absence of surprise or prejudice, were not harmful error.  See
Thomas, 286 S.W.3d
at 114; Stautzenberger,
232 S.W.3d at 327–28; Johnson, 214
S.W.3d at 158–59.

I would overrule James’s third
issue.




 

Conclusion

I would affirm the judgment of the
trial court.

 

 

Evelyn
V. Keyes

                                                                      Justice


 

Panel consists of Justices Keyes, Higley, and
Massengale.

Justice Keyes, concurring.

Publish.  Tex. R. App. P. 47.2(b).











[1]         The
majority supports its decision to conduct a harm analysis by arguing that the
Court of Criminal Appeals implicitly overruled a successor case to Hillin—Sodipo v. State, 815 S.W.2d 551 (Tex. Crim.
App. 1990)—in Wright v. State, 28
S.W.3d 526 (Tex. Crim. App. 2000).  The
issue of whether Wright overruled Sodipo and,
necessarily, Hillin
with regard to whether a harm analysis is appropriate for an article 28.10(b)
violation is, in my view, unnecessary to the disposition of this case and a
misleading distraction if, as I argue below, an amendment to an enhancement
paragraph in an indictment is a correction of mere surplusage
in the indictment and therefore does not fall within the scope of article
28.10(b).  If my construction of Wright, discussed below, is correct, Wright holds that a harm analysis is
appropriate to determine whether a correction to mere surplusage
in an indictment is reversible error, not that a harm analysis is appropriate
when article 28.10(b) is violated.  See 28 S.W.3d
at 531–32.





[2]
        In Simmons, we also cited with approval the Amarillo Court of Appeals’
holding in Johnson v. State, 214
S.W.3d 157, 158–59 (Tex. App.—Amarillo 2007, no pet.), that article 28.10 does
not apply to amendments of enhancement paragraphs because these allegations are
“unessential to the validity of the indictment” and, thus, are “comparable to surplusage.”  Simmons v. State, 288 S.W.3d 72, 80 n.6
(Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).