

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00037-CR

Guy **SHEPPARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-0205-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

Guy Sheppard appeals his conviction of possession of a controlled substance with intent to deliver and his sentence of 60 years' imprisonment. In his sole issue, Sheppard asserts the trial court erred in permitting the State to amend one of the enhancement paragraphs of the indictment during the punishment phase over his objection. We affirm the trial court's judgment.

### BACKGROUND

The indictment charging Sheppard with possession of a controlled substance with intent to deliver included a two-paragraph enhancement alleging that he had two prior felony convictions

for delivery of a controlled substance in 1999 and in 2004. The enhancements increased the applicable punishment range to a minimum of 25 years up to a maximum of 99 years or life. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2013). Eleven months before trial, the State filed a motion to amend the indictment to correct one of the prior felonies, changing the name of the 2004 offense from "delivery" of a controlled substance to "possession" of a controlled substance. The record contains Sheppard's written request for ten days to prepare to respond to the amended indictment in which he states that the State's motion to amend the indictment was served on his counsel on February 13, 2012. The motion to amend the indictment was not ruled on before trial which commenced on January 7, 2013.

A jury found Sheppard guilty of the charged offense. When the punishment phase began and the enhancement paragraphs were read to the jury, Sheppard pled "true" to the first alleged prior conviction and "not true" to the second because it did not state the correct offense. During a brief hearing outside the jury's presence, the State referred the court to its previously filed motion to amend the indictment, but acknowledged the motion had not been ruled on before trial. At that time, the State moved to amend the indictment to correct the name of the offense forming the basis of the second prior conviction. Sheppard objected that the amendment was not timely, but agreed that he had received more than ten days' notice of the amendment and it created no surprise; defense counsel further stated she had reviewed the judgments of the two prior convictions and believed the second conviction was indeed "a possession judgment." The trial court acknowledged that the amendment was late but found that granting the motion to amend would create no surprise to Sheppard because he had received notice when the motion was filed eleven months earlier. The court further stated that failing to permit the amendment would be "relying on a technicality, which is not the intention of the Code of Criminal Procedure or the Penal Code." The court then granted the motion to amend and altered the face of the indictment by striking out the word "Delivery" and

substituting the word "Possession" in the second enhancement paragraph. Sheppard then pled "true" to the prior conviction of possession of a controlled substance in 2004, as reflected in the amended indictment. At the conclusion of the punishment phase, the jury recommended a 60-year term of imprisonment, which was subsequently imposed by the trial court.

## ANALYSIS

On appeal, Sheppard argues that under article 28.10(b) of the Code of Criminal Procedure he had absolute veto power over the amendment of the enhancement allegation pled in the indictment after trial had commenced. TEX. CODE CRIM. PROC. ANN. art. 28.10(b) (West 2006) (permitting amendment of a matter of form or substance in an indictment after trial on the merits commences if the defendant does not object); *Hillin v. State*, 808 S.W.2d 486, 488-89 (Tex. Crim. App. 1991) (interpreting the "clear and unambiguous" language of article 28.10(b) as giving a defendant "an absolute veto power" over proposed amendments to the indictment after trial begins). Sheppard concedes that he had prior notice of the State's motion to amend the indictment and was not surprised by the correction made to the second alleged prior conviction. He contends, however, that his objection to the late amendment prohibited the trial court from granting the amendment because article 28.10(b) is a mandatory statute that bars *any* amendment of an indictment during trial if a defendant objects. *Hillin*, 808 S.W.2d at 488-89. (emphasis added).

Sheppard acknowledges that the constitutionally required notice of an enhancement allegation need not be pled in the indictment and may be provided to the defendant in a separate written pleading. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment"). However, Sheppard asserts that once an enhancement allegation is included in the indictment it becomes "a part of" the indictment. *See State v. Richardson*, 383 S.W.3d 544, 547 (Tex. Crim. App. 2012) (holding that enhancement allegations that were pled in an indictment

became a "portion of" the indictment for purposes of Code of Criminal Procedure article 44.01(a)(1) permitting the State to appeal the dismissal of "any portion of an indictment"). Sheppard argues that *Richardson*'s logic should be extended to article 28.10(b) such that when an enhancement paragraph is pled in the indictment, even though it is not required to be, the enhancement allegation becomes "part of" the indictment and therefore subject to the defendant's article 28.10(b) right to veto any post-trial amendment. *Hillin*, 808 S.W.2d at 488-89. Sheppard also relies on two opinions by the First Court of Appeals holding that article 28.10(b) bars amendment of an enhancement allegation in the indictment over the defendant's objection after trial begins. *See Boutte v. State*, 824 S.W.2d 322, 323-24 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (holding trial court erred in permitting State, over defendant's objection, to amend enhancement paragraph of indictment at commencement of punishment phase by deleting "aggravated" from "aggravated robbery" prior conviction because under *Hillin* defendant had absolute veto power under article 28.10(b)); *see also James v. State*, 425 S.W.3d 492, 500-01 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (following its precedent in *Boutte* and holding trial court erred in allowing State to amend indictment's enhancement paragraph after trial began where State orally moved for leave to amend indictment to reflect correct county and victim of prior conviction and defendant objected, but finding the error harmless).

The State responds that, as opposed to the primary pleadings alleging the elements of the charged offense, enhancement allegations are "ancillary" pleadings which are not required to be included within the indictment under *Brooks*; therefore, article 28.10(b) does not apply to bar amendment of an enhancement allegation in an indictment since it is not a required part of the indictment, but mere surplusage. *See Brooks*, 957 S.W.2d at 34. Stressing that the requirement that the State provide a defendant with prior notice of an enhancement allegation is not statutory, but a constitutional matter of due process, the State argues that Sheppard received constitutionally

adequate pre-trial notice of the corrected name of the 2004 prior conviction eleven months before trial when its motion to amend the indictment was filed; indeed, Sheppard concedes he had adequate notice and was not surprised by the amendment made at the beginning of the punishment phase. *See Villescas v. State*, 189 S.W.3d 290, 293-94 (Tex. Crim. App. 2006) (stating that the pleading requirement for enhancements is a "right to notice rooted in due process," not one flowing from statutory provisions relating to the indictment, and "[t]he ultimate question is whether constitutionally adequate notice was given"; also noting the Texas constitution's due course of law clause is not more protective than due process in this context). The State cites us to other intermediate courts of appeals' decisions holding that article 28.10(b) does not apply to bar trial amendments to enhancement allegations contained in an indictment because they are ancillary or surplusage. *See Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding article 28.10(b) does not apply because an enhancement allegation that is not part of the State's case-in-chief is not part of the "substance" of the indictment); *Johnson v. State*, 214 S.W.3d 157, 158-59 (Tex. App.—Amarillo 2007, no pet.) (reasoning that, "[s]ince enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the indictment and comparable to surplusage for purposes of art. 28.10"; therefore trial court's order granting State's oral motion to amend date of prior conviction in indictment to be used for enhancement purposes did not violate article 28.10); *see also Choice v. State*, No. 05-11-00629 & 630-CR, 2012 WL 3104676, at *3 (Tex. App.—Dallas July 31, 2012, pet. ref'd) (not designated for publication) (following *Thomas* and holding that article 28.10 is not applicable to amendments to enhancement allegations in an indictment because they are not part of the "substance" of the indictment and are surplusage).

We recognize the split between the courts of appeals on the issue of whether article 28.10(b) applies to amendment of an enhancement allegation in an indictment after trial begins,

but need not reach the merits of the issue here. The record in this case clearly shows that Sheppard received the constitutionally adequate notice of the correct 2004 prior conviction/enhancement to which he was entitled. *See Villescas*, 189 S.W.3d at 293-94. It is no longer required that notice of prior convictions to be used as enhancements be provided prior to trial. *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) (holding that defendant's federal constitutional due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance punishment with a prior conviction). "Even when a defendant receives notice after he has been convicted, his due-process rights are not violated as long as notice is sufficient to enable him 'to prepare a defense to them,' and he is afforded an opportunity to be heard." *Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013) (quoting *Pelache*, 324 S.W.3d at 576). To determine whether an appellant received sufficient notice of the State's intent to use a prior conviction to enhance punishment, the appellate court looks to the record to identify whether the appellant's defense was impaired by the timing of the State's notice. *Ex parte Parrott*, 396 S.W.3d at 537.

Here, Sheppard's counsel acknowledged she was served with the State's motion to amend the indictment to correct the name of the 2004 prior conviction eleven months before trial began. Under *Brooks*, notice of an enhancement may be provided through any type of pleading, not only through an indictment. *Brooks*, 957 S.W.2d at 34; *see Green v. State*, No. 04-13-00456-CR, 2014 WL 667592, at *1 (Tex. App.—San Antonio Feb. 19, 2014, no pet.) (mem. op., not designated for publication) (holding that a motion is "some form" of pleading an enhancement under *Brooks*). Thus, Sheppard received notice of the corrected enhancement allegation through the State's motion to amend well before trial on the merits began. Further, Sheppard has never argued, either in the trial court or on appeal, that he was surprised by the correction made to the second enhancement paragraph when the State's motion to amend was granted at the commencement of the punishment phase. Indeed, defense counsel stated on the record that she had reviewed the prior judgment and

agreed it was a possession conviction rather than a delivery conviction. Finally, Sheppard had no defense to the enhancement as revealed by the fact that he promptly pled "true" to the second enhancement allegation after it was amended. We conclude that Sheppard received constitutionally adequate notice of the correct enhancement allegation and was not harmed by the punishment phase amendment of the indictment. *See Villescas*, 189 S.W.3d at 294 ("when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution").

Based on the foregoing reasons, we overrule Sheppard's issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH