**Evans Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00199–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1991.

Discretionary Review Refused
Jan. 8, 1992.

Terrence Gaiser, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of not guilty before a jury to the offense of theft of property of the value of $750 or more but less than $20,000. TEX.PENAL CODE ANN. § 31.03(e)(4)(A). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for forty-three years. We reverse and remand

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing a frivolous contention that might arguably support the appeal. *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

A copy of counsel's brief and the appellate record were delivered to appellant. Appellant was advised of the right to file a pro se brief. Appellant filed a pro se brief raising seven points of error. Because we find it necessary to reverse and remand this cause, we will consider only those points of error challenging the sufficiency of the evidence, and appellant's seventh pro se point of error, in which he asserts that the trial court erred by permitting the State to amend the indictment, over objection, after trial began.

In his first pro se point of error, appellant challenges the sufficiency of the evidence to sustain his conviction. More specifically, appellant contends that the evidence is insufficient to prove the value of

the property stolen. The gist of appellant's point of error is that the testimony regarding the value of the property was based on hearsay, to which objection was made, and that, therefore, such testimony had no evidentiary value. Appellant also claims that the evidence failed to adequately prove he stole the particular items of property for which he was convicted.

To properly evaluate appellant's point of error concerning sufficiency of the evidence, a review of the pertinent facts is necessary: Joe Binko, the vice president and general manager of JAD, Incorporated, a Houston trucking company, hired appellant through a temporary service to make deliveries for JAD on October 2, 1989. JAD, Incorporated serves as a distributor for a number of manufacturers, delivering merchandise in the Houston area. Appellant was provided with a truck loaded with merchandise and told where to make various deliveries. Nothing further was heard from him on October 2, 1989. On October 3, 1989, when Binko discovered the truck driven by appellant had never returned the previous day, he reported it to the police as missing. Later the same morning, appellant called Binko and told him the truck would not run and where the truck could be found. Binko sent out two drivers who found the truck where appellant left it. They started the truck up without any difficulty and returned it to the warehouse. A check of the contents of the truck revealed that a number of items of merchandise were missing, including 16 cases of diapers, 6 cases of sanitary napkins, 5 cases of popcorn, 2 cases of fettucini and 1 case each of beef stroganoff and chicken and rice dinners. Binko testified, over objection, that the value of the missing items was $1,130.37.

Eddie Davis, the owner of the High Five convenience store, testified that appellant came into his store at 1:15 a.m. on October 3, 1989, and attempted to sell Davis a case of baby diapers. From behind a bulletproof cage where he was making donuts, Davis said he didn't want any diapers. Appellant then said, "I have a truckload of stuff, is it (sic) anything you want?" Davis again answered in the negative, because of the unusual hour for such a transaction and because he had regular suppliers. Moments later, after appellant left the store, Davis heard the sound of breaking plastic. He looked outside to see appellant driving a truck through the store's sign. Davis followed the truck until he was able to write down its license plate number. Davis reported the incident to the police, from whom he learned the truck belonged to JAD, Incorporated.

Appellant contends the evidence is insufficient to show he stole the items for which he was charged. In reviewing the sufficiency of the evidence, the appellate court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

The evidence in the instant case pertaining to the particular items stolen by appellant is for the most part circumstantial. That is, there were no eyewitnesses to the theft. The owner knew what items were on the truck when it left the warehouse. He was able to determine the items that were missing. Appellant attempted to sell Eddie Davis some of the stolen merchandise. It is reasonable to assume appellant sold the missing items to others or took them for his own use.

The standard of review is the same for both direct and circumstantial evidence cases. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). A conviction based on circumstantial evidence cannot stand, however, unless it excludes every reasonable hypothesis except the guilt of the accused. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984). It is not required that the circumstances proved actually exclude every hypothesis that the act may have been committed by another person. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983). The question is not whether a rational fact finder could have excluded *all* doubt concerning the guilt of the accused, but whether the fact

finder could have excluded all *reasonable* doubt. *Williams v. State,* 784 S.W.2d 428, 429–430 (Tex.Crim.App.1990) (Emphasis supplied.)

■ Applying these principles to the instant case, we hold that a rational trier of fact could have excluded every reasonable hypothesis other than that appellant stole the items for which he was charged. Certainly one can imagine scenarios where someone other than appellant took the missing items. But, the loss of the items coupled with the sure knowledge that appellant attempted to sell some or all of the items in his charge under suspicious circumstances is sufficient evidence by which a rational trier of fact could reasonably conclude appellant was responsible for the loss of the merchandise. The factual circumstances admittedly do not exclude *every* hypothesis other than appellant's guilt, but they do exclude every *reasonable* hypothesis inconsistent with a finding of guilt.

■ Appellant also complains that the estimate of value made by the owner of the goods was based on hearsay evidence, to which objection was raised at trial. Mr. Binko testified that the value he gave for the merchandise was its replacement cost, which is an acceptable measure of value where the fair market value cannot be readily ascertained. *See* TEX.PENAL CODE ANN. § 31.08(a)(2). Binko also testified that the prices given were for the wholesale cost of the merchandise, which appears to refer to its fair value in the wholesale market, since that was the particular market within which Binko operated. The difficulty lies in where Binko obtained his information concerning the prices of the stolen goods. Apparently JAD, Incorporated did not collect payment for goods it delivered but only made deliveries for which the manufacturers were paid directly by the retail merchants. As a result, Binko obtained his prices from the manufacturers' representatives. Appellant contends that such evidence was hearsay and that, since objection was made to its admission, it lacked probative value. *See Chambers v.*

*State,* 711 S.W.2d 240, 247 (Tex.Crim.App. 1986).

■ In a case that is factually similar to the instant case, this Court held previously that, in a prosecution for felony theft, proof of value of the property by hearsay is permissible. *Warren v. State,* 681 S.W.2d 68, 70 (Tex.App.—Houston [14th Dist.] 1983), *rev'd on other grounds,* 693 S.W.2d 414 (Tex.Crim.App.1985). There are several exceptions to the hearsay rule that permit quotation from price lists in general use within a given market. *See* TEX.R.CRIM.EVID. 803(6), (15) and (17). That being the case, we know no reason to exclude evidence because it is based on an oral report of a price, rather than being taken from a written price list. Under the circumstances, appellant would have been free to impeach the witness regarding value if there was any question about the value of a particular item. Where, as here, an owner testifies regarding the value of property, there is a presumption he is testifying to an estimation of fair market value. *Sullivan v. State,* 701 S.W.2d 905, 909 (Tex.Crim.App.1986). Such testimony is admissible as opinion evidence. 701 S.W.2d at 908; *See* TEX.R.CRIM.EVID. 701. Where the accused wishes to rebut such evidence, he must offer controverting evidence as to the value of the property. 701 S.W.2d at 909.

■ In the instant case, appellant offered no evidence to rebut the testimony of the owner regarding value. The value of the property was well above the jurisdictional minimum, even though the values reflected wholesale prices, rather than the retail value. It is highly likely the retail value would have been higher than the estimate given, $1,130.37. Under the circumstances we hold that a rational trier of fact could conclude beyond a reasonable doubt that the value of the property exceeded $750, the jurisdictional minimum. We overrule appellant's first pro se point of error.

In his seventh pro se point of error, appellant contends that the trial court erred in overruling his objection to the State's motion to amend the indictment after the trial began.

After the jury returned its verdict finding appellant guilty, but before the beginning of the punishment phase of trial, the State made a motion to amend the indictment to change the allegation in one of the enhancement paragraphs that appellant was previously convicted of an offense in Harris County, to instead allege that he was previously convicted in Austin County. The trial court overruled appellant's objection and amended the indictment as requested by the State.

■ The Court of Criminal Appeals held recently that TEX.CODE CRIM.PROC.ANN. art. § 28.10(b), which governs the matter of amending the indictment or information, permits amendment after trial begins only were there is no objection by the defendant. *State v. Murk*, 815 S.W.2d 556, 557 (Tex.Crim.App.1991) (Not yet reported.) Where error is committed it is not subjected to harm analysis but results in automatic reversal. *Sodipo v. State*, 815 S.W.2d 551, 553 (Tex.Crim.App.1991). While we doubt the wisdom and efficacy of a rule that requires reversal no matter how insignificant the change made in an indictment (art. 28.10 speaks to amendments of both form *and* substance), and regardless of whether the accused is harmed thereby, we are constrained to hold in the instant case that the trial court committed reversible error by permitting the State to amend the indictment over appellant's objection after the trial was underway. Accordingly, we sustain appellant's seventh pro se point of error and remand for a new trial.

■ The Court of Criminal Appeals faced a situation similar to the one presented by the instant case in *Sodipo*, in that amendment of the enhancement portion of the indictment was involved. It did not say, however, whether error in permitting the indictment to be amended under the circumstances required an entirely new trial or a new trial as to punishment only. *Sodipo*, 815 S.W.2d at 553. In the instant case, the error did not occur until after the guilt-innocence stage of trial was successfully concluded. Therefore, the error in permitting the enhancement paragraph to be amended affected only the punishment

stage of the trial. Accordingly, we reverse the judgment of the trial court and remand for a new trial on punishment only. *See* TEX.CODE CRIM.PROC.ANN. art. 44.29(b).

Because of the disposition made of appellant's seventh point of error, it is unnecessary for us to reach appellant's remaining pro se points of error. A discussion of counsel's frivolous appeal brief would add nothing to the jurisprudence of the State and is, therefore, omitted.

We reverse the judgment of the trial court and remand for a new trial on punishment.