**William Edward HILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00972–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1994.

James Dennis Smith, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, William Edward Hilton, was charged with the felony offense of third degree theft, enhanced by two prior convictions for credit card abuse and theft. Appellant entered a plea of not guilty to the charge and entered a plea of true to the two enhancement paragraphs. The jury found appellant guilty as charged, and the trial court assessed punishment at thirty (30) years in the Institutional Division of the Texas Department of Criminal Justice. In seven points of error, appellant contends that the trial court erred by allowing the State to amend the indictment, by admitting harmful hearsay, and by denying his motion for mistrial; and complains of the sufficiency of the evidence and improper jury argument. We reverse and remand.

Robert Locher is a salesman for Mirex, a Houston company that sells office equipment. On December 11, 1990, a man identifying himself as Bill Skelly contacted Locher about purchasing a facsimile (fax) machine for his company, National Funding. Skelly decided to buy a Ricoh laser fax machine, and he went to Locher's office on December 13, 1990, to sign the papers and pick up the machine. Based on Skelly's credit references, Locher sold him a Ricoh laser fax machine. When the purchase agreement was signed, Locher took the fax machine out to the parking lot and put it in the trunk of Skelly's truck. Although Skelly took possession of the equipment immediately, payment for the machine was due within ten days of delivery.

Greg Duncan, a credit leasing manager for Mirex, later investigated the credit information provided by Skelly. He attempted to pull a Dun and Bradstreet report on National Funding, but was unsuccessful. When Dun-

can attempted to call the bank in Metarie, Louisiana, that was listed on Skelly's credit report, he reached an answering service. Finally, Locher drove to 11811 Westheimer, the address that Skelly had given him, and discovered that the building was empty.

Duncan notified the Houston Police Department because he suspected Mirex had been the victim of an offense. Houston Police Sergeant Roy House went to the Mirex office on December 18, 1990. While Sergeant House was there, Skelly arrived at the Mirex office. Sergeant House arrested him and charged him with theft. Later, the officer learned that Skelly's real identity is William Edward Hilton.

In his first and second points of error, appellant contends that the trial court erred by granting the State's motion to amend the indictment. Specifically, appellant asserts that the trial court allowed the amendment over his objection: (1) on the day of trial without allowing the one day continuance requested by him; and (2) after the trial had begun by allowing the State to physically alter the indictment. He complains that the trial court violated Article 28.10 of the Texas Code of Criminal Procedure.

In the present case, the original indictment alleged that appellant, heretofore on or about December 13, 1990:

> did then and there unlawfully appropriate by acquiring and otherwise exercising control over property, namely, TWO FACSIMILE MACHINES, owned by GREG DUNCAN, hereafter styled the complainant, of the value of over seven hundred fifty dollars and under twenty thousand dollars, with the intent to deprive the complainant of the property, and without the effective consent of the complainant.

Before the commencement of voir dire, the State filed a motion to amend the indictment pursuant to Article 28.10 of the Texas Code of Criminal Procedure. The State's motion requested the indictment to be amended to charge appellant with theft of "one facsimile machine" in place of "two facsimile machines." Appellant objected to the motion and requested a one day continuance to prepare for trial. The trial court granted the motion to amend and denied the continuance.

The court found that the trial had not commenced on the merits, the amendment did not constitute an additional different offense, and appellant's rights would not be prejudiced. The court also noted that the jury had not been selected, and appellant had not been arraigned.

Both sides announced ready and proceeded to trial. When appellant was arraigned, the State's prosecutor read the proposed indictment that incorporated the requested changes to him. Appellant plead not guilty to the allegations. The prosecutor did not physically alter the indictment to reflect the changes. The State called four witnesses on its behalf. After the State rested, appellant's counsel moved for an instructed verdict alleging that the State had failed to prove its case. Appellant's counsel argued that there had not been any interlineations made on the original indictment, which still charges appellant with theft of two fax machines, and the evidence has shown that he took one fax machine, if any. The trial court denied the motion for instructed verdict and allowed the prosecutor to make the requested changes on the face of the indictment. At this point, the defense rested.

Article 28.10 of the Texas Code of Criminal Procedure governs the amendment of indictments and provides that:

(a) After notice to the defendant, *a matter of form or substance in an indictment or information may be amended at any time before the date of trial on the merits commences.* On the request of defendant ... not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) *A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.*

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional

or different offense or if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989).

We must determine when the alleged amendment actually occurred. The State argues that the indictment was amended on the day of trial *before* commencement of the trial. On the contrary, appellant argues that the amendment occurred on the day of trial *after* the trial on the merits had commenced.

In the present case, the State's motion to amend reflects the desired change from "two facsimile machines" to "one facsimile machine," and incorporates the trial judge's order granting the State's motion. The order states "the foregoing Motion having come before the Court this 31 day of August, A.D., 1992, and the Defendant having been given notice of said Motion prior to the signing of this Order, said Motion is hereby in all things (GRANTED) (DENIED)." Although neither option is circled on the order, the record reveals that the trial court orally granted the motion. In spite of the court's ruling, no interlineation was made on the original indictment prior to commencement of the trial. We note that it is undisputed that the indictment was not physically altered until after the State presented its case-in-chief.

■ Article 28.11 provides that "All amendments of an indictment or information shall be made with the leave of the court and under its direction." TEX.CODE CRIM.PROC. ANN. art. 28.11 (Vernon 1989). Neither the motion to amend nor the trial judge's granting thereof is *the amendment*; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Article 28.10. *See Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App.1992). The amendment, then, is the actual alteration of the charging instrument. *Id.*

■ The requirement of an actual alteration in the charging instrument is also consistent with state constitutional guarantees. Article I, § 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. TEX. CONST. art. I, § 10. It has long been

held that this information must come from the face of the indictment. *See, e.g., Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Crim.App. 1977). Certainly, the motion to amend and the trial court's order granting it serves as notice to the accused of what changes *will* be made to the indictment. However, that is not notice of the *charge* against him. We find that the State's motion to amend and the trial court's order satisfied the requirements of Article 28.11, but the document itself does not constitute the actual amendment. We further find that the actual amendment of the indictment did not occur until after the State rested. Thus, Section (b) of Article 28.10 would control in this case.

■ Section (b) of Article 28.10 allows amendment of the indictment "after the trial on the merits commences if the defendant does not object." In turn, if the defendant, after trial on the merits has commenced, makes a timely objection to the State's proposed amendment, be it to form or substance, such amendment is absolutely prohibited. *Hillin v. State*, 808 S.W.2d 486, 488 (Tex.Crim.App.1991).

In this case, the trial court permitted the State to amend the indictment *after* the trial on the merits had commenced, over appellant's objection. The trial court failed to comply with Article 28.10(b) and erred in permitting the State to amend at that time.

■ Even assuming the amendment occurred on the day of trial before the trial commenced, the result would be the same. We note that in *Sopido v. State*, the Court of Criminal Appeals held that reversible error occurred when the trial court, over the defendant's objection, permitted the State to amend an enhancement paragraph cause number from "427424" to "427427" on the day of the trial, but before the trial commenced. *Sodipo v. State*, 815 S.W.2d 551, 555–56 (Tex.Crim.App.1990).

■ The State, however, argues that the indictment in this case was not "amended," but rather the prosecutor "abandoned" one facsimile machine. We disagree. The State argues that the act of deleting one facsimile machine from the indictment clearly was an "abandonment." We note that the State not

only deleted the words "two facsimile machines," but substituted the words "one facsimile machine." We find that the State's action in changing the words in the indictment was an "amendment" within the meaning of Article 28.10.

■■■ Therefore, in light of Article 28.10, we find that the trial court erred in allowing the State to amend the indictment after the trial commenced. *Hillin,* 808 S.W.2d at 488. The provisions of Article 28.10 are not subject to harmless error analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Sodipo,* 815 S.W.2d at 554–55. While we doubt the wisdom and efficacy of a rule that requires reversal no matter how insignificant the change made in an indictment, and regardless of whether the accused is harmed thereby, we are constrained to find that the trial court committed reversible error by permitting the State to amend the indictment, over appellant's objection, after the trial was under way. Accordingly, we sustain appellant's first and second points of error.

Because we find it necessary to reverse and remand this cause, we will consider only the point of error challenging the sufficiency of the evidence.

In his third point of error, appellant alleges that the evidence was insufficient to sustain his conviction because the trial proceeded on the unamended indictment. Specifically, he argues that the State did not prove appellant stole two facsimile machines.

■■■ In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 .(1979); *Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991). In conducting this review, we cannot reevaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126

L.Ed.2d 82 (1993); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). This court may not sit as a thirteenth juror and reweigh the evidence. *Moreno,* 755 S.W.2d at 867. It is within the jury's power to determine whether the cumulative force of the incriminating evidence against the defendant merits a guilty verdict. *See Harris v. State,* 738 S.W.2d 207, 220 (Tex.Crim.App. 1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). If there is evidence that establishes guilt beyond a reasonable doubt, this court is not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno,* 755 S.W.2d at 867.

■■■ In a bench trial, we can measure the evidence against only the indictment because there is no jury charge and verdict. *McHenry v. State,* 841 S.W.2d 455, 457 (Tex. App.—Dallas 1992, no pet.). However, in a jury trial, it is the charge that authorizes conviction. *See Jones v. State,* 815 S.W.2d 667, 669 (Tex.Crim.App.1991). The charge should correspond with and incorporate the allegations in the indictment. *Benson v. State,* 661 S.W.2d 708, 713 (Tex.Crim.App. 1982). The trial court's failure to require physical alteration of the indictment in a jury trial is trial error, but does not make the evidence insufficient to support the conviction. *Montoya v. State,* 841 S.W.2d 419, 423 (Tex.App.—Dallas 1992, no pet.).

■■■ We review the sufficiency of the evidence in the light most favorable to the verdict. We must compare the evidence to the indictment as incorporated in the jury charge. *Garrett v. State,* 749 S.W.2d 784, 788 (Tex.Crim.App.1986). The indictment is directed to the defendant, and the charge is directed to the jury. *Benson,* 661 S.W.2d at 713.

In the instant case, the application paragraph of the jury's charge stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of December, 1990, in Harris County, Texas, the defendant, William Edward Hilton, did then and there unlawfully appropriate by acquiring or otherwise exercising control over property, namely, one

facsimile machine, owned by Greg Duncan, of the value of over seven hundred fifty dollars and under twenty thousand dollars, with the intent to deprive Greg Duncan of the property, and without the effective consent of Greg Duncan, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

In order to obtain a theft conviction, the State has to prove that appellant "unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1974). The offense is a third degree felony if "the value of the property stolen is $750 or more but less than $20,000." TEX.PENAL CODE ANN. § 31.03(e)(4)(A).

■ In the present case, the State permitted the trial court to submit a charge that required the jury to convict only if they believed appellant unlawfully appropriated "property, namely, one facsimile machine . . ." Where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularly, all circumstances of the description must be proven. *McMillian v. State,* 754 S.W.2d 422, 424 (Tex.App.—Eastland 1988, writ ref'd).

■ When the court's charge to the jury is otherwise correct, but places a higher burden on the State, failure to object constitutes an acceptance of that higher burden by the State. *Nickerson v. State,* 782 S.W.2d 887, 890 (Tex.Crim.App.1990). By not objecting to the charge, the State unnecessarily assumed the higher burden of proving that appellant stole "property, namely, one facsimile machine."

■ Here, the State put on evidence to show that appellant stole one facsimile machine with a value of $2200 from Mirex. In his brief, appellant admits that the State proved that he stole one fax machine. However, he argues the State was required to prove he stole *two* fax machines. We disagree. As stated, *supra,* the sufficiency of the evidence is measured by the indictment as incorporated in the jury charge. *Garrett,* 749 S.W.2d at 788.

■ When we measure the evidence against the charge, we conclude that a rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. Under the circumstances of this case, the evidence is sufficient to support the conviction when viewed in light of the jury charge. *See Jones,* 815 S.W.2d at 669–70. We overrule appellant's third point of error.

We reverse the judgment and remand the cause to the trial court.