Charles Ray DIXON, Appellant

v.

The STATE of Texas, Appellee.

No. 12–93–00056–CR.

Court of Appeals of Texas, Tyler.

Nov. 29, 1995.

---

B.K. "Pete" Menefee, Jacksonville, for appellant.

Elmer C. Beckworth, Rusk, for appellee.

RAMEY, Chief Justice.

Appellant Charles Ray Dixon ("Dixon") was convicted by a jury of the felony offense of robbery. Dixon stipulated to two prior felony convictions, which were included in two enhancement paragraphs, and the jury sentenced him to fifty years' incarceration. We will **reverse** the judgment of the trial court and **remand** for a new trial.

Dixon raises seven points of error on appeal, all having to do with procedural matters before the trial court; the facts surrounding the crime are not in issue in this appeal. Some, but not all, of the points are rendered moot by our decision to sustain Dixon's fourth point of error, which addresses late amendments to the enhancement paragraphs of the indictment. Because some of his points allege error regarding the sufficiency of evidence, our decision to remand for a new trial on punishment does not obviate the need to consider them. We will begin, therefore, by addressing and sustaining Dixon's fourth point of error and proceed to those points requiring analysis.

In his fourth point of error, Dixon challenges the trial court's decision to allow the State to amend the enhancement paragraphs of the indictment on the day the jury was selected, impanelled, and sworn. On February 8, 1993, the day of jury selection, the State moved to amend the enhancement allegation so as to correct the reference to the county of the prior conviction and to amend the date and court in which the conviction described in the habitual paragraph occurred. The trial court granted the State's motion and ordered that the amendments be

interlineated on the face of the indictment. The parties then proceeded to select a jury, which the court then impanelled and qualified on the same day. Because other causes went to trial in that court first, the prosecutor did not read the indictment to the jury, and the jury did not hear evidence in Dixon's case, until fourteen days later, on February 22.

Article 28.10 of the Code of Criminal Procedure governs the amendment of indictments and provides in part that amendments may be made "at any time before the date the trial on the merits commences" so long as the defendant is allowed a continuance of at least ten days, if he requests one. TEX. CRIM.PROC.CODE ANN. art. 28.10(a) (Vernon 1995). Subsection (b) of article 28.10 states that after trial on the merits commences, the indictment may not be amended if the defendant objects. The Court of Criminal Appeals recognized in *Sodipo v. State,* 815 S.W.2d 551, 556 (Tex.Cr.App.1990), that the Code contained a gap that did not provide a rule for an amendment requested *on* the day of trial but *before* trial commences. That court addressed the problem by ruling that the State may not amend an indictment on the day of trial even if the amendment is requested before the actual trial on the merits commences. *Id.* Dixon argues that amending the indictment over his objection on the day the jury was chosen and sworn violated the rule of *Sodipo* because that was the day trial on the merits began. The State argues that trial on the merits did not commence until fourteen days later, when the indictment was read, and that Dixon therefore did not have the right to prevent the amendment but only to request a continuance.

This situation raises an issue that has not yet been addressed by the Court of Criminal Appeals: when does a "trial on the merits" commence for the purpose of amending the indictment? Recently, the Thirteenth Court of Appeals faced the same question in a case in which the State amended its indictment over the defendant's objection on the day the jury was selected and sworn but where the reading of the indictment and presentation of evidence did not begin until the following day. *Hinojosa v. State,* 875 S.W.2d 339 (Tex.

App.—Corpus Christi 1994, no pet.). The majority of that court looked to commentaries on the Federal Rules of Procedure and held that trial on the merits commences when jeopardy attaches, that is, when the jury is impaneled and sworn. *Id.,* 875 S.W.2d at 342.

Support for the majority approach in *Hinojosa* may be found in the dissent of Judge Baird in *State v. Turner,* 898 S.W.2d 303 (Tex.Cr.App.1995), a case in which the majority of that court reached its decision without reference to the question of when trial on the merits commences. In that case, the Court of Criminal Appeals dealt with the time limitations imposed on a defendant's right to object to a defect in a charging instrument under Article 1.14(b) of the Code of Criminal Procedure. A defendant must make such an objection "before the date on which the trial on the merits commences." TEX.CRIM.PROC. CODE ANN. art. 1.14(b) (Vernon 1995). Though the trial court dismissed the case before jury selection because the statute of limitations had run, the Court of Criminal Appeals held that the objection to the indictment on that basis was untimely when made on the day the case was set for trial. *State v. Turner,* 898 S.W.2d at 308. In his dissent, Judge Baird analogized the issue facing the court to the holding in *Hinojosa,* noting that articles "28.10 and 1.14 were enacted as part of the same legislative package," and declared that "trial on the merits" commences on the day the court impanels and swears in the jury; since the court dismissed the case, he reasoned, no jury could be impanelled on that day, and an objection to the indictment was therefore timely. *Id.* at 311. In further support of his position, Judge Baird alluded to the practice in many courts of setting more than one case for trial on a day and convening pretrial hearings on the day set for trial. He explained that disallowing objections to the indictment on the day set for trial would hinder the trial courts' ability to control their own schedules. *Id.*

We are persuaded to hold, as did the Thirteenth Court of Appeals in *Hinojosa* and Judge Baird in his dissent in *Turner,* that under article 28.10, "trial on the merits commences" when the jury is impaneled and

sworn. Therefore, in the instant case, the trial court violated Article 28.10(b) when it allowed amendment of the indictment on the day the jury was impaneled and sworn. Consequently, we sustain Dixon's fourth point of error.

■ According to the court in *Sodipo*, such error is not subject to harm analysis and requires reversal. *Sodipo*, 815 S.W.2d at 556. The State argues that since the error here affected only the enhancement paragraphs of the indictment, a remand to the trial court should be for the punishment phase of trial only. Article 44.29(b) of the Code of Criminal Procedure provides that if a court of appeals awards a new trial because of an error occurring in the punishment stage of trial, the conviction will stand, and the case will be retried only with regard to punishment. TEX.CRIM.PROC.CODE ANN. art. 44.29(b) (Vernon Supp.1992). In fact, there have been instances in which courts of appeals have remanded cases to the trial courts for new trial as to punishment only after finding that the enhancement paragraphs were amended too late. *See Boutte v. State*, 824 S.W.2d 322, 324 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); and *Jones v. State*, 821 S.W.2d 234, 238 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In *Boutte* and *Jones*, however, amendments were made on the day the punishment phase of trial began, so Article 44.29(b) clearly applied. The error complained of here actually occurred before either phase of trial and does not technically fit the requirements of Article 44.29(b). While the State's arguments in favor of remanding only for new punishment are persuasive, we are controlled by the Texas Court of Criminal Appeals' decision in *Sodipo*, in which that court reversed a conviction and remanded for an entirely new trial under facts very similar to those in the instant case.[1]

The late amendments in the instant case consisted of very minor changes to the en-hancement paragraphs and in all probability had no effect on Dixon's counsel's ability to prepare for the guilt/innocence phase of trial.[2] Were we allowed to subject this error to harm analysis, we would very likely reach a different result. The late amendment in *Sodipo* was of an even less significant nature, however, consisting of a change to only one digit in the cause number referred to in the enhancement paragraph, yet that court foreclosed the possibility of harm analysis in any such situation. *Id.* at 555 and 556. Therefore, in accordance with the Court of Criminal Appeals' decision in *Sodipo*, we reverse the judgment of the trial court and remand the case for new trial.

In doing so, however, we do not render all of Dixon's other points of error moot. In his first point of error, Dixon attacks the makeup of the grand jury which indicted him, a claim that could affect the validity of the indictment as a whole. In two other points, he complains that the evidence was insufficient to support the conviction, which could require acquittal if sustained. Consequently, we will address those points.

■ In his first point of error, Dixon alleges the trial court erred in allowing the grand jury commissioners to select themselves as grand jurors. The State maintains that this issue was argued before the trial court in the hearing on Dixon's motion for new trial and that the court held that no violation of law occurred with regard to grand juror selection, but Dixon has not provided a record of that proceeding for our review. At any rate, Dixon did not object to the indictment in this respect prior to trial on the merits, so he has waived any complaint as to the makeup of the grand jury on appeal. TEX.CRIM.PROC. CODE ANN. art. 1.14(b) (Vernon 1995); *see also Gentry v. State*, 770 S.W.2d 780, 794 (Tex.Cr.App.1988). Dixon's first point of error is overruled.

---

1. As here, the complained of amendment in *Sodipo* affected only the enhancement paragraph and was made prior to jury selection. *Sodipo*, 815 S.W.2d at 552.

2. The Court of Criminal Appeals recognized in its original opinion in *Sodipo* that the purpose of Art. 28.10 is to ensure that the defendant has a *minimum* amount of time to prepare for both the guilt/innocence and punishment stages of trial even though the error complained of might not be significant enough to call due process notice concerns into play. *Sodipo*, 815 S.W.2d at 553.

Dixon challenges the sufficiency of the evidence in his seventh point of error based on allegations he makes in his fifth point of error. In his fifth point, he alleges that the State abandoned the charges against him and the enhancement paragraphs when it amended the indictment, thereby rendering its evidentiary offerings against him insufficient. Because the two points depend upon the outcome of the same question, we will address them together.

■ On January 4, 1993, the State moved to amend the charging paragraph of the indictment to add the name of a second complainant. The trial court granted the motion that day, allowing the words, "and or Richard Fulton," to be handwritten on the face of the indictment after the name of the original complaining witness, Wendy Gail White. Dixon points out that both the State's motion to amend and the court's order on the motion contained only the language of the charging paragraph and closed with the words, "AGAINST THE PEACE AND DIGNITY OF THE STATE," without reference to the enhancement paragraphs. This omission constitutes, he contends, an abandonment by the State of the enhancement paragraphs. He makes a similar allegation with regard to the State's later amendment of the enhancement paragraphs, also inserted in writing on the indictment. There again, the State's motion to amend and the court's order granting the motion quoted only the paragraphs being amended and made no mention of the charging paragraph. Thus, argues Dixon, the State abandoned the charges against him.

■ Dixon cites no authority supporting this contention. In fact, it is well settled that neither a motion to amend nor an order granting the motion constitutes an amendment to an indictment, and the actual amendment occurs only when the indictment itself is physically altered by the insertion, deletion, or striking out of language on the face of the indictment. *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Cr.App.1992). We hold that the indictment as it appears in the record, with handwritten interlineations in the charging and enhancement paragraphs, is the amended indictment in this case and that the State did not abandon any part of the indict-

ment. We overrule Dixon's fifth and seventh points of error.

■ Dixon's points of error three and six converge on the fact that the trial court failed to have him plead to the enhancement paragraphs of the indictment at the punishment stage of his trial, as required by Article 36.01(a)(2) of the Texas Code of Criminal Procedure. In his third point, he contends that this omission constitutes reversible error because it meant there was no joinder of issues. Dixon claims in his sixth point of error that because he did not plead to the enhancements, the evidence in the case is insufficient to support his conviction.

Dixon mischaracterizes his sixth point when he claims that the failure to elicit a plea to the enhancement paragraphs rendered the evidence insufficient to support his conviction. The plea to the enhancements is made during the punishment phase of trial and has no bearing on the guilty verdict or conviction itself; thus, a finding of insufficient evidence on that basis would require reversal and remand for new trial on the issue of punishment only. TEX.CRIM.PROC.CODE ANN. art. 44.29(b) (Vernon Supp.1992).

Dixon's "sufficiency" point cannot result in acquittal because it is based on an occurrence during the punishment stage of his trial; therefore, our decision to reverse and remand the case for new trial renders his third and sixth points of error moot, and we need not address their merits. Our decision also makes it unnecessary for us to address his second point of error, in which he objects to procedures utilized by the court below to select the jury panel.

The judgment of the trial court is reversed, and the case is remanded to the trial court for a new trial consistent with this opinion.

HOLCOMB, J., not participating.