Rios-RS v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-231-CR

     RICKY SARDANETA RIOS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-115-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Ricky Rios guilty of felony driving while intoxicated and assessed punishment,
enhanced by a prior felony conviction for burglary of a motor vehicle, of fifteen years'
incarceration. Tex. Penal Code Ann. §§ 30.04, 49.04, 49.09(b) (Vernon 1994 & Supp. 1996). 
By one point of error, Rios argues that the court committed reversible error by allowing the State
to amend the enhancement portion of the indictment after his trial had begun. Tex. Code Crim.
Proc. Ann. art. 28.10 (Vernon 1989). Because we conclude that the State's action was an
impermissible amendment, and not a permissible deletion of mere surplusage, we sustain his point
and remand this cause for a new punishment hearing.
      The State alleged in the indictment that:
[P]rior to the commission of the primary offense, on the 5th day of February, 1990, in
the 54th Judicial District Court of McLennan County, Texas, in Cause Number 90-64-C,
the said RICKY SARDANETA RIOS under the name of RICKY S. RIOS was convicted
of a felony, to-wit: Burglary of a Motor Vehicle, and the said conviction became final
prior to the commission of the primary offense[.]
However, at the commencement of the punishment portion of the trial, the State requested that it
be allowed to "abandon" the specific date of conviction recited in the indictment. Although Rios
objected to the State's request, the Court ruled "I am going to allow the State to abandon the
paragraph that reads on the 5th day of February, 1990." The phrase "on the 5th day of February,
1990," was physically bracketed out on the indictment.


 The court's punishment charge reflected
that change, instructing the jury that:
      The enhancement paragraph of the indictment alleges that the Defendant, Ricky
Sardaneta Rios was in the 54th District Court of McLennan County, Texas, in Cause
Number 90-64-C on the docket of said Court, under the name of Ricky S. Rios was duly
and legally convicted in said last named Court of a felony, to-wit: Burglary of a Motor
Vehicle, and that said conviction was a final conviction for an offense committed by the
said Ricky Sardaneta Rios prior to the commission of the offense hereinbefore charged
against him. To this allegation the Defendant has pleaded Not True.
. . . 
If you believe from the evidence beyond a reasonable doubt that the Defendant,
Ricky Sardaneta Rios was in the 54th District Court of McLennan County, Texas, in
Cause Number 90-64-C under the name of Ricky S. Rios, duly and legally convicted of
the felony offense of Burglary of a Motor Vehicle, and the said conviction became final
prior to the commission of the primary offense, then you will state in your verdict that
you find "True" the allegation in the enhancement paragraph of the indictment[.]
      "A matter of form or substance in an indictment or information may . . . be amended after
the trial on the merits commences if the defendant does not object." Id. art 28.10(b). However,
"if the defendant, after trial on the merits has commenced, interposes a timely objection to the
State's proposed amendment, be it to form or substance, such amendment is absolutely
prohibited." Hillin v. State, 808 S.W.2d 486, 488 (Tex. Crim. App. 1991); see also Sodipo v.
State, 815 S.W.2d 551, 556 n.3 (Tex. Crim. App. 1991) (on rehearing) (stating that a defendant
has an "absolute veto" over an amendment attempted later than the commencement of trial). Thus,
the dispositive question is whether this change in the indictment was an impermissible
"amendment" or merely a permissible abandonment or deletion of surplusage. See Brown v. State,
843 S.W.2d 709, 711-12 (Tex. App.—Dallas 1992, pet. ref'd); see also White v. State, 890
S.W.2d 69, 71-72 (Tex. Crim. App. 1994) (Baird, J., concurring). 
      The State argues that the amendment was a permissible deletion of surplusage. Burrell v.
State, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975). Because the State is not required to allege
enhancement convictions with the same particularity as the primary offense, the State reasons that
the date of the prior offense was not essential to the validity of the indictment and may be
abandoned without violating article 28.10. See id. However, "where the unnecessary matter is
descriptive of that which is legally essential to charge a crime it must be proven as alleged, even
though needlessly stated." Id. 
      To obtain an enhanced punishment, the State must show that the defendant had a prior felony
conviction that was final at the time he committed the offense on trial. Tex. Penal Code Ann.
§ 12.42(a) (Vernon 1994); Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). 
Although the State is correct is asserting that the specificity requirements for enhancement
convictions are relaxed, the indictment should "include the court in which the conviction was
obtained, the time of the conviction and the nature of the offense." Cole v. State, 611 S.W.2d 79,
80 (Tex. Crim. App. [Panel Op.] 1981). We conclude that the date of the offense is "descriptive
of that which is legally essential" to the enhancement paragraph of the indictment. See Burrell,
526 S.W.2d at 802. Thus, the date of the prior conviction is not surplusage which, once pleaded,
may be deleted at any time without violating article 28.10. See id.; Brown, 843 S.W.2d at 712-13.
      Therefore, the court erred by allowing the State to abandon the date alleged in the indictment
during the course of the trial over Rios' objection. Tex. Code Crim. Proc. Ann. art. 28.10;
Hillin, 808 S.W.2d at 488; Brown, 843 S.W.2d at 712-13. Such an error is not subject to a harm
analysis. Tex. R. App. P. 81(b)(2); Brown v. State, 828 S.W.2d 762, 764 (Tex. Crim. App.
1991); Sodipo, 815 S.W.2d at 556; Hilton v. State, 879 S.W.2d 74, 79 (Tex. App.—Houston
[14th Dist.] 1994, pet. ref'd). Like the 14th Court of Appeals in Hilton, "we doubt the wisdom
and efficacy of a rule that requires reversal no matter how insignificant the change made in an
indictment, and regardless of whether the accused is harmed thereby[.]" Hilton, 879 S.W.2d at
79. However, because we are faced with a situation where the indictment was amended, rather
than a case where proof at trial does not match the allegation in the indictment, we "are
constrained to find that the trial court committed reversible error by permitting the State to amend
the indictment, over [Rios]'s objection, after the trial was under way." Id.; cf. Freda v. State, 704
S.W.2d 41, 42-43 (Tex. Crim. App. 1986) (requiring that the defendant show prejudicial surprise
caused by variance between allegation and proof regarding enhancement paragraph to obtain a
reversal); Benton v. State, 770 S.W.2d 946, 947-48 (Tex. App.—Houston [1st Dist.] 1989, pet.
ref'd) (requiring proof that variance between date alleged and actual date of conviction of
enhancing offense surprised, misled or otherwise harmed the defendant).
      Having found reversible error in the punishment phase of the trial, we sustain Rios' point of
error, reverse the judgment and remand this cause for a new punishment hearing. Tex. Code
Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 1996); Jones v. State, 821 S.W.2d 234, 238 (Tex.
App.—Houston [14th Dist.] 1991, pet. ref'd).
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed July 25, 1996
Do not publish