Johnny LEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00891–CR.

Court of Appeals of Texas, San Antonio.

March 31, 1998.

Discretionary Review Refused Sept. 23, 1998.

D. David Sharp, Jr., Angleton, for Appellant.

Lynn Ellison, District Attorney, Jennifer B. Rosenblatt, Assistant District Attorney–81st Judicial District,Circle Drive, Jourdanton, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This appeal arises from a jury's conviction of Johnny Leal on one count of theft of livestock. After convicting Leal, the jury sentenced him to five years' imprisonment. In four points of error Leal contends the trial court erred by denying his motion for an instructed verdict, the evidence does not support the conviction as charged, the trial court erred in its charge to the jury, and the court erred by admitting evidence of an extraneous offense. Because the evidence is insufficient to support conviction of the offense as charged, we hold the trial court erred by denying Leal's motion for an instructed verdict. We reverse the judgment and render an acquittal.

Leal was charged by indictment that he did "unlawfully appropriate, by acquiring and otherwise exercising control over property, to wit: one (1) horse, from PAT DAHNKE, the owner thereof, without the effective consent of the owner, namely, by deception, and with intent to deprive the owner of the property." The State introduced the following evidence of the crime:

Pat Dahnke testified that she owned the horse that was the subject of the alleged crime. Dahnke testified that on Sunday, July 14, 1991, she fed the horse. On Monday afternoon, July 15, 1991, Dahnke discovered the horse was missing. Dahnke testified that she did not give anyone permission to take her horse, and she did not know who took her horse. Louis Romero Pacheco, Leal's brother-in-law testified that on a Monday evening in July 1991 Leal came to his house with a horse and asked him to sell it. Pacheco testified that he took the horse to an auction the following day, signed it in as his,

and sold it. Pacheco testified that he endorsed the check received for the horse and gave it to his wife, who took it to the bank and cashed it. Evidence submitted revealed the check was issued on July 16, 1991. Becky Pacheco, Leal's sister, testified that she received the check from her husband, deposited it in her personal checking account, and issued a cashier's check to Leal, reserving $50.00. Becky testified that Leal told her to give the $50 to their mother to purchase needed medicine.

After the close of the State's case in chief, Leal moved for an instructed verdict because the State failed to prove the allegations contained in the indictment. The trial court denied the motion, and Leal did not present a case in his defense. Over the defendant's objection, the trial court submitted the jury charge, omitting as surplusage the specific language in the indictment "by deception." We hold the trial court erred by denying Leal's motion for an instructed verdict.

## DISCUSSION

In his first point of error Leal contends the trial court erred by denying his motion for an instructed verdict because the State's evidence failed to prove all of the allegations in the indictment. In his second point of error Leal broadly asserts that the evidence was insufficient to support a conviction.

■ An allegation concerning error in overruling a motion for directed/instructed verdict is an attack upon the sufficiency of evidence to sustain the conviction. *See McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim.App.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). Therefore, we will address Leal's first and second points of error by reviewing the legal and factual sufficiency of the evidence.

■ In analyzing the legal sufficiency of the evidence on issues for which the prosecution bears the burden of proof, this court must review the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *See Jack-*

*son v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Barnes v. State,* 876 S.W.2d 316, 322 (Tex.Crim.App.1994). In conducting a factual sufficiency review, we must review all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996). Factual sufficiency review begins with the presumption that the evidence supporting the jury's verdict was legally sufficient. *Id.* If after reviewing the evidence for legal sufficiency the reviewing court determines that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt, then the sufficiency challenge must be sustained and the defendant acquitted. *See Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *Clewis,* 922 S.W.2d at 133. If an appellate court sustains a factual sufficiency challenge, it should only reverse and remand for a new trial. *Clewis,* 922 S.W.2d at 133.

■ Leal contends the evidence was insufficient to support his conviction because the State failed to prove all the allegations contained in the indictment by failing to prove deception. In rebuttal, the State argues that the ways and means included in an indictment need not be proven, and the language "namely, by deception" is mere surplusage and of no effect on the State's burden of proof.

■ The State is bound by the allegations, as set out in the charging instrument, and must prove those allegations beyond a reasonable doubt. *See Weaver v. State,* 551 S.W.2d 419, 420–21 (Tex.Crim.App.1977). If a variance exists between the allegations contained in an indictment which the State is required to prove and the proof offered by the State, the evidence is insufficient to sustain a conviction. *See Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983). However, review of the sufficiency of the evidence shall be measured, not against the indictment, but by "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik,* 953 S.W.2d at 239–40. "Such a charge would be one that accurately sets out the law, is authorized by

the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* at 240. A jury charge is improper if it omits an allegation in the indictment which the State is required to prove. *See Hilton v. State,* 879 S.W.2d 74, 79 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd); *accord Pesina v. State,* 949 S.W.2d 374, 383 (Tex.App.—San Antonio 1997, no pet.) ("The State must prove what the charge requires the jury to find in order to convict").

A person commits the offense of theft if he "unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1994). Appropriation of property is unlawful if "it is without the owner's effective consent." *Id.* at § 31.03(b). Consent is not effective if induced by deception. *Id.* at § 31.01(3)(A). Deception means "creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true." *Id.* at § 31.01(1)(A). Deception means "creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true." *Id.* at § 31.01(1)(A).

■ A charging instrument alleging theft is sufficient if it alleges the elements of theft and alleges that appropriation was accomplished "without the owner's effective consent." *See Thomas v. State,* 753 S.W.2d 688, 691–92 (Tex.Crim.App.1988). Therefore, the indictment charging Leal was sufficient in that it included the necessary elements of the crime and alleged that appropriation was accomplished without Dahnke's consent. However, the indictment also includes the language "namely, by deception."

■ "[A]llegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as surplusage." *Eastep v. State,* 941 S.W.2d

130, 134 (Tex.Crim.App.1997) (quoting *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990)). Language in the indictment which is surplusage can be disregarded and does not affect the State's burden of proof. *See Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App.1975). However, a well-recognized exception to the general surplusage rule requires that if any unnecessary language included in an indictment describes an essential element of the crime charged, the State must prove the allegation, though needlessly pleaded, even if the allegation would otherwise be surplusage. *Id; see also Whetstone*, 786 S.W.2d at 364; *Brown v. State*, 843 S.W.2d 709, 713 (Tex.App.—Dallas 1992, pet. ref'd). Therefore, if the State makes unnecessary allegations descriptive of the identity of the offense charged, the State must establish such allegations by evidence. *See Peters v. State*, 652 S.W.2d 460, 461 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (conviction for aggravated assault).

■ The words "by deception" in an indictment charging theft are a matter of substance. *See Cooper v. State*, 707 S.W.2d 686, 690–91 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (holding improper the indictment amendment deleting "namely, by deception" from theft charge after trial began). "When relevant at all in a theft prosecution, 'deception' goes to the nature of the conduct and becomes part and parcel of the circumstances surrounding the conduct of the accused so as to render consent to the particular appropriation of property ineffective," and provides evidence of the accused's knowledge that any consent was, in fact, ineffective. *See Skillern v. State*, 890 S.W.2d 849, 871 (Tex.App.—Austin 1994, pet. ref'd) (upholding the inclusion of statutory definition of deception in jury charge for crime of aggravated robbery committed while in the act of committing theft). Because the State included a more specific allegation than that which it was required to prove, and the allegation was a matter of substance describing a necessary element of the crime charged, i.e. consent for appropriation, the State was required to conform its trial proof to the allegation. *See Thomas*, 753 S.W.2d at 691–92; *Cooper*, 707 S.W.2d at 690–91; *Peters*, 652 S.W.2d at 461.

We hold that the language "namely, by deception" describes how Leal allegedly appropriated the property from its rightful owner, and appropriation is an essential element of theft. Although the language is otherwise surplusage, as the State contends, the language is excepted from the general surplusage rule because the language describes an essential element of the crime charged; therefore, the State was required to establish proof of this allegation. Accordingly, to adequately describe the offense for which Leal was charged, the jury charge should have included the language "by deception" in the application paragraph and additional appropriate instructions. Because the State failed to provide any evidence that Leal stole the horse "by deception," the evidence was insufficient to support Leal's conviction as charged, as measured against a hypothetically correct jury charge. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Malik*, 953 S.W.2d at 239–40.

The State argues that it abandoned the portion of the indictment containing the words "by deception" at trial by disregarding it. The State contends that its abandonment "was properly allowed by the trial court" because the allegation was not essential to charge the offense nor descriptive of essential elements.

■ The State's argument fails because abandonment requires a physical alteration to the face of the indictment. *See Eastep*, 941 S.W.2d at 133–35; *see also White v. State*, 890 S.W.2d 69, 71 (Tex.Crim.App. 1994) (Baird, J., concurring) (explaining distinction in law between amendment and abandonment as methods of altering an indictment). *But cf. Hall v. State*, 862 S.W.2d 710, 714 (Tex.App.—Beaumont 1993, no pet.) (allowing oral abandonment of enhancement paragraph in indictment during reading of enhancement paragraphs at beginning of punishment phase). The State did not physically alter the indictment prior to trial. As discussed above, the State could not disregard the surplusage because it described an essential element of the crime and, therefore, had to be proven.

We hold the trial court erred by denying Leal's motion for an instructed verdict be-

cause the evidence is insufficient to support conviction of the offense as charged. A rational trier of fact could not have found the essential elements of the crime that the State was required to prove. Accordingly, we reverse the judgment of the trial court and render Leal acquitted of the crime as charged.