Nos. 04-99-00397-CR & 04-99-00398-CR


George ZEPEDA,


Appellant



v.



The STATE of Texas,


Appellee



From County Court at Law No. 9, Bexar County, Texas


Trial Court Nos. 703,794 & 703,797


Honorable Wayne Christian, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: January 10, 2001


AFFIRMED


 The appellant, George Zepeda, appeals his convictions for misdemeanor assault and criminal
mischief. (1) These offenses arose from the same event, and were consolidated for trial. After
considering Zepeda's issues in these appeals, we find no error and affirm the judgments of the trial
court.

Sufficiency of the Evidence

 Zepeda challenges the legal and factual sufficiency of the evidence supporting his conviction
for assaulting his wife. Specifically, Zepeda argues that the offense of assault requires the State to
prove that he "caused" bodily injury to his wife. While he admits the State produced evidence that
showed his wife sustained bodily injury, Zepeda argues that the State did not produce evidence that
proved he "caused" his wife's injuries. As a result, Zepeda argues that evidence supporting his
conviction for assault is legally and factually insufficient.

 To review a challenge about the legal sufficiency of the evidence, the court of appeals
reviews the evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319; Mosley v. State, 983 S.W.2d 249, 254-255 (Tex. Crim. App. 1998),
cert. denied, 119 S.Ct. 1466 (1999). In conducting this review, the jury serves as the exclusive judge
of the credibility of witnesses and of the weight to be given their testimony; and therefore,
reconciliation of conflicts in the evidence is within the exclusive province of the jury. Mosley, 983
S.W.2d at 254-255. In a factual sufficiency challenge, the reviewing court reviews all evidence
without the prism of "in the light most favorable to the prosecution" and sets aside the verdict only
if it is so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 In this case, the jury found that Zepeda caused his wife's injuries despite the absence of direct
evidence. The requirement to prove that the defendant caused bodily injury, like other elements of
an offense, can be proved by circumstantial evidence. McGarity v. State, 5 S.W.3d 223, 232 (Tex.
App.-San Antonio 1999, no pet.) (commenting that jury is entitled to draw reasonable inferences
from circumstantial evidence to ultimate facts); Easley v. State, 986 S.W.2d 264, 271 (Tex.
App.-San Antonio 1998, no pet.) (stating that State may prove its case by circumstantial evidence
so long as it shoulders its burden of proving all of the elements of the charged offense beyond a
reasonable doubt). In this case, Zepeda's now ex-wife, Celia Gomez, testified that she awoke to hear
her husband ask, "What are you doing?," and that she replied, "I'm asleep." Gomez stated that she
then felt a hit. Although Gomez stated that she could not remember details about what occurred,
Officer Ingram, who responded to Gomez's 911-call, testified that Gomez told him that her husband
entered the bedroom where she and a male friend were sleeping and punched her twice in the face.
Ingram stated that he observed injuries to Gomez's face and neck, and that Gomez indicated she was
experiencing pain. Ingram also testified that, when he arrived, Gomez's male friend told him that
Zepeda burst into the room yelling obscenities and punched Gomez twice in the face. According to
Ingram, the friend also stated that Zepeda then turned to him and punched him in the forehead,
causing him to run from the room. Gomez's brother testified that he observed both men run out of
the room, and that he observed injuries to Gomez's face and neck. While this testimony may not
constitute direct evidence that Zepeda "caused" his wife's injury, viewed in the light most favorable
to the verdict, it constitutes evidence from which a rational jury could draw a reasonable inference
that Zepeda caused Gomez's bodily injury. Because the jury could reasonably conclude that Zepeda
caused Gomez's injuries, the evidence is legally sufficient to support the jury's verdict.

 The evidence is also factually sufficient to support the jury's verdict. Even without the prism
of "in the light most favorable to the verdict," the evidence indicates that Zepeda caused his wife's
injuries. Both Gomez and her male friend testified they were asleep when Zepeda burst into the
bedroom. Each testified that they were hit, but neither suggested that the other struck the blow. The
jury also heard Gomez's 911-call during which she stated her husband was at the house and was
trying to beat everyone up. In the absence of another explanation for Gomez's injuries, we cannot
say the verdict is so contrary to the overwhelming weight of evidence as to be clearly wrong and
unjust. As a result, the evidence is factually sufficient to support the jury's verdict. We overrule
Zepeda's issues challenging the sufficiency of the evidence.

Alteration of the Information

 The State charged Zepeda with committing the offense of criminal mischief by damaging the
"rear tail lights of a 1995 Ford Mustang." During trial, the State realized that the damaged vehicle
was actually a 1998 Ford Mustang. The State requested leave to amend the information and the trial
judge permitted the State, over Zepeda's objection, to delete the modifier "1995." Later, after the
State concluded its case, Zepeda moved for a directed verdict, (2) arguing that the State failed to prove
all of its allegations. The trial judge denied the motion. Zepeda complains that these actions
constitute reversible error that require an acquittal.

 Article 28.10 of the Code of Criminal Procedure provides, in relevant part, that "[a] matter
of form or substance in an . . . information may . . . be amended after the day of trial on the merits
commences if the defendant does not object." Tex. Code Crim. Proc. art 28.10(b) (Vernon 1989).
The Court of Criminal Appeals has interpreted this provision as giving the defendant "an absolute
veto power over proposed amendments after trial on the merits has commenced." Hillin v. State, 808
S.W.2d 486, 489 (Tex. Crim. App. 1991). The prohibition, however, does not apply to every
alteration to the face of the charging instrument. Eastep v. State, 941 S.W.2d 130, 133 (Tex. Crim.
App. 1997), overruled on other grounds, Riney v State, 28 S.W.3d 561 (Tex. Crim. App. 2000).
Some alterations are "abandonments" rather than amendments and do not invoke the requirements
of article 28.10. Eastep, 941 S.W.2d at 133. The distinction between amendment and abandonment
is dispositive of Zepeda's complaints.

 "An amendment is an alteration . . . which affects the substance of the charging instrument."
Id. at 132. "Conversely, an abandonment, even though accomplished by an actual physical alteration
to the face of the charging instrument, does not affect its substance." Id. at 133. The Court of
Criminal Appeals has recognized three situations where altering the charging instrument constitutes
an abandonment rather than an amendment: "(1) abandonment of one or more of the alternative
means in which an offense may be committed; (2) abandonment of an allegation in the charging
instrument if the effect of such abandonment is to reduce the prosecution to a lesser included
offense; or, (3) abandonment of surplusage. Id. at 135 (citations omitted). Because the first two
exceptions are not implicated in the instant case, we will consider whether the third exception applies
to deletion of "1995" from the information that charged Zepeda with criminal mischief.

 "Surplusage is unnecessary language not legally essential to constitute the offense alleged
in the charging instrument." Id. at 134. Surplusage can be disregarded and does not affect the State's
burden of proof, unless the unnecessary language describes an essential element of the crime
charged. Leal v. State, 975 S.W.2d 636, 639 (Tex. App.-San Antonio 1998, pet. ref'd). In that case,
the State must prove the allegation, though needlessly pleaded, even if the allegation would
otherwise be surplusage. Leal, 975 S.W.2d at 639-40.

 A charging instrument alleging criminal mischief is sufficient if it alleges the elements of
criminal mischief-in this case, "intentionally or knowingly damages or destroys the tangible property
of the owner"-and alleges that the destruction was done without the effective consent of the owner.
Tex. Pen. Code § 28.03 (Vernon 1994). The information charging Zepeda with criminal mischief
alleged that Zepeda "did and then knowingly damage and destroy tangible property . . . without the
effective consent of the owner." As a result, the information was sufficient. The information went
further, however, to identify the "tangible property" by describing the damaged property as "rear tail
lights of a 1995 Ford Mustang." This description in its totality described an essential element of the
offense of criminal mischief; that is, the element, "damages or destroys the tangible property of the
owner." The language "1995," however, modified only the words, "Ford Mustang." The language
did not describe the element, "damages or destroys the tangible property of the owner." As a result,
the language, "1995," constituted surplusage that the State could abandon. The State abandoned this
modifier when the trial court permitted it to delete the language "1995" from the description of the
tangible property. As an abandonment, the requirements of article 28.10 were not invoked.

 Once the modifier was deleted, the State was no longer required to prove that the vehicle that
Zepeda damaged was a 1995 Ford Mustang. Thus, when Zepeda moved for a directed verdict, no
variance existed between the charging instrument and the evidence. No variance existed because
the information charged Zepeda with damaging the rear tail lights of a Ford Mustang, and the
evidence indicated that Zepeda damaged the rear tail lights of a Ford Mustang. Thus, the trial judge
properly denied Zepeda's motion. (3) We overrule these issues.

 Having overruled Zepeda's issues on appeal, we affirm the judgments of the trial court.


 Alma L. López, Justice

DO NOT PUBLISH






1. Zepeda was charged with assaulting his wife in Cause No. 703794; his conviction in that case is the subject
of Appeal No. 04-99-00397-CR. Zepeda was charged with committing criminal mischief in Cause No. 703797; his
conviction in that case is the subject of Appeal No. 04-99-00398-CR.
2. The record reflects that Zepeda asked the trial court for an acquittal-in essence, a motion for a directed verdict.
3. A challenge about the trial judge's ruling on a motion for directed verdict is an attack upon the sufficiency of
evidence to sustain the conviction, and is reviewed under the standard for such attacks outlined in this opinion. Leal, 975
S.W.2d at 638.